## 56114. GRESHAM v. ROGERS.
## 56115. ESPY v. ROGERS.

BIRDSONG, Judge.

This appeal arises out of two separate cases. However, the facts are substantially the same, the issues are identical and the parties have consented to treat the cases together. We agree, and will consider the cases as one. The facts show that appellants Espy and Gresham together with the appellee Rogers purchased land in 1972 for purposes of development. That same year appellee Rogers sold his interest in the venture to Espy and Gresham individually taking a personal note from Espy in the amount of $3,000 and from Gresham in the amount of $2,000. Both Espy and Gresham made scheduled payments to Rogers in whole or in part through 1975. Thereafter, neither appellant made further payments on the debts called for by the notes. Rogers filed suit against each appellant separately, specifying the delinquent payments, the amount of interest, and demanding

attorney fees as authorized by the notes. Each defendant answered admitting his signature on the note but denying further indebtedness on the theory that since the sale of the property the value of the real estate had drastically declined thus resulting in a failure of consideration. As a result, argued the defendants, the amount paid through 1975 was more than adequate to compensate Rogers for the property he sold to appellants in 1972 considering the 1976 value. In furtherance of their defense, appellants showed that the original sellers of the property had renegotiated the debt, agreeing to accept a lesser amount, and the only person not willing to reconsider the debt involved was Rogers. Rogers moved for summary judgment which was granted by the trial court. In its order granting summary judgment, the trial court awarded in a lump sum, judgment on the principal, interest thereon, and attorney fees including interest, all interest to run on and after the date of the judgment. Subsequently, the court amended its order nunc pro tunc separating the principal, interest and attorney fees, and exempting interest after judgment from the attorney fees. Appellants appeal the grant of summary judgment, the award of attorney fees and the amendment by the trial court of its order. *Held:*

1. Appellants admitted the notes by admitting the signing of the same and not denying the amount of the indebtedness or contending that they had satisfied the notes. Therefore, the only justiciable issue is whether decline in the value of real estate after the transfer of that real estate and where such transfer constituted the consideration for the making and delivery of the promissory notes in question, results in such a lack of consideration that, as a matter of law, it amounts to a legal defense to an action on such notes. Considering the purpose for which the original land was purchased, i.e., real estate speculation and development, we consider it a commonsense conclusion that the speculator must have known that there was a degree of risk involved in such a transaction. We hold that the purchaser cannot defeat a note for the purchase price merely because the venture turned out badly or was not as profitable as he thought it would be. See *McMillan v. First Nat. Bank of Valdosta,* 13

Ga. App. 23, 25 (78 SE 734). There being no issue of material fact as to the notes, or the sufficiency of consideration, the trial court did not err in granting summary judgments in favor of Rogers.

2. In their second enumeration of error, appellants complain that the notice of intent to collect attorney fees did not meet the necessary statutory specificity. Appellants admit that four of the five requirements of notice were met (see Code Ann. § 20-506). However, they urge that appellee in his notice of intent did not specifically say that payment of the amount then due would obviate the necessity of payment of attorney fees as authorized by the notes. However, the letter of intent says that ". . .unless you pay this entire amount within ten days . . . an additional amount equal to ten percent . . . will be assessed against you, for attorney fees. . ." By use of the qualifying word "unless," the language of the letter of intent plainly indicates that if the amount due was paid in ten days, attorney fees would not be required. This intent is further made clear in the complaint where it was stated that the defendant owed the sum alleged and ". . .that unless he paid said amounts within ten days of his receipt of that letter, he would become liable to pay, in addition to said amounts, ten percent . . . as attorney fees. . ." The purpose of the law relating to the giving of ten days' notice to the debtor of the creditor's intention to enforce the provision for attorney fees in a contract is to allow the debtor to pay the principal and interest on the contract within ten days from receipt of the notice and relieve himself of the liability to pay attorney fees. *Dixie Const. Co. of Ga. v. Griffin,* 104 Ga. App. 457 (1) (121 SE2d 926). The only reasonable interpretation of the letter of intent as explained by the complaint was that appellants could relieve themselves of paying ten percent attorney fees by paying the delinquent principal and interest within ten days of receipt of the letter of intent. This adequately meets the requirements of Code Ann. § 20-506 as amended. *Interstate Financial Corp. v. Appel,* 134 Ga. App. 407, 413 (2) (215 SE2d 19). See *Farnan v. Nat. Bank of Ga.,* 142 Ga. App. 777 (236 SE2d 923). This enumeration lacks merit.

3. In their last enumeration of error, appellants

initially complained that the trial court erred in bulking the principal, interest, and attorney fees together, and allowing interest thereon after the date of the action, thus improperly authorizing interest on interest and interest on attorney fees. After the filing of notice of appeal, the trial court amended its order curing these defects. Appellants urge that the trial court acted beyond its authority, the trial court having lost jurisdiction because of the notice of appeal to this court. We disagree. The trial court merely corrected an erroneous judgment. Based solely on the record, and without considering extrinsic evidence, the court may, on its own motion and without notice, enter a corrective judgment and decree nunc pro tunc at a later date; and since such entry simply perfects the record, as between the parties it relates back to the time when it was originally entered. *Maloy v. Planter's Warehouse &c. Co.,* 142 Ga. App. 69, 75 (234 SE2d 807). The order and entry filed June 8, 1978, nunc pro tunc as of March 7, 1978, was for the purpose of correcting errors. This was within the court's inherent and statutory power. Code Ann. §§ 24-104 (6), 81A-160 (g); *Maloy v. Planter's Warehouse &c. Co.,* supra, at p. 74. The judgment and decree of the trial court as amended does not contain the vices of which complaint is made; thus this enumeration of error is without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Submitted June 26, 1978 — Decided September 12, 1978.

*Douglas R. Haynie,* for appellants.
*N. William Pettys, Jr.,* for appellee.