## 60091. DENSON v. SANDERS.

Quillian, Presiding Judge.

Plaintiff-appellee Sanders sued defendant-appellant Denson on her endorsement of a note held by Sanders. In the jury trial at the conclusion of plaintiff's evidence, defendant presented no evidence and both parties agreed that the case should be decided by the trial court because there was no issue of fact for decision by the jury. On September 12, 1979, the trial court entered judgment for the plaintiff for the principal of the note in the amount of $5,005.15; for 15 per cent attorney's fee of $750; for expenses of $500 for defendant's failure to admit that her signature on the note was genuine; and taxed costs against defendant. The judgment overstated the principal amount, failed to include any interest on the principal, and understated the attorney's fee.

On September 24, plaintiff filed a motion to correct the judgment because of clerical errors pursuant to Code Ann. § 81A-160 (g) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 239, 240; 1974, p. 1138).

On September 26, defendant filed notice of appeal from the judgment. On October 11, plaintiff filed a motion to dismiss the appeal as premature or alternatively for a supersedeas bond. On October 26, defendant obtained an extension of time to file the transcript to November 25. On November 5, defendant filed supersedeas bond and on November 6, the reporter completed the transcript.

On January 14, 1980, plaintiff filed a motion to dismiss the appeal because the transcript had not been filed, the full cost thereof

not having been paid by defendant. On January 22, the transcript was filed.

On February 22, after hearing, the trial court dismissed the appeal, finding that the transcript had not been filed within the prescribed time, that the delay was caused solely by defendant, was unreasonable and inexcusable, and was used for the purpose of delaying payment of a just debt. On the same date, the trial court acted on plaintiff's September 24 motion to correct the judgment by reducing the principal to the correct amount of $4,821.63, awarding interest of $737.72, and recomputing the attorney's fee required by these changes to $833.94, nunc pro tunc.

On March 24, appellant filed notice of appeal from the February 22 dismissal of her appeal, from the corrected judgment of the same date, and from the original judgment of September 12. *Held:*

1. Appellant contends that the trial court erred in dismissing her appeal, claiming that the September 12 judgment was not a final judgment because appellee's September 24 motion to correct the judgment was the same as a motion for a new trial or for judgment n.o.v., thus making her notice of appeal of September 26 premature and void; that the judgment became final on February 22 when the trial court corrected the original judgment; and that her appeal therefrom is timely and valid.

At the time, appellant did not act as if her appeal was void because of the motion to correct. Appellee's motions apparently did not hinder the appeal as we find no order of the trial court acting on appellee's October 11 motion to dismiss the appeal, and the trial court did not act on the motion to correct the judgment until appellee's second motion to dismiss the appeal was granted. Since appellant filed supersedeas bond on November 5, the trial court apparently granted appellee's October 11 alternative motion for supersedeas bond. In addition, on October 26 appellant obtained an extension of time for filing the transcript to November 25. Only when appellee's motion to dismiss the appeal for failure to file the transcript was made and subsequently granted did appellant decide to take the unsupportable position that her appeal was void because appellee's motion to correct the judgment was really in the nature of a motion for a new trial which made her appeal premature.

We find the judgment of September 12, even though later corrected, was a final judgment from which appellant could take timely appeal. Appellee's motion to correct the judgment was not the same as a motion for a new trial or for judgment n. o. v. "A motion for new trial must be predicated upon some extrinsic defect which does not appear on the face of the record or pleadings." Code Ann. § 81A-160 (c), supra. No such extrinsic defect appears here.

" 'A motion for a new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict; and therefore errors committed by the court in the rendition of a decree or judgment can not be reached by a motion for a new trial.' " *Arnold v. DeKalb County,* 141 Ga. App. 315 (3) (233 SE2d 273).

In her motion appellee was merely asking the trial court to correct obvious clerical errors in the judgment to grant the correct amount of principal, interest and attorney's fee, which the undisputed evidence and pleadings entitled her to and which the trial court had the authority to do. "[A]ppellants initially complained that the trial court erred in bulking the principal, interest, and attorney fees together, and allowing interest thereon after the date of the action, thus improperly authorizing interest on interest and interest on attorney fees. After the filing of the notice of appeal, the trial court amended its order curing these defects. Appellants urge that the trial court acted beyond its authority, the trial court having lost jurisdiction because of the notice of appeal to this court. We disagree. The trial court merely corrected an erroneous judgment. Based solely on the record, and without considering extrinsic evidence, the court may, on its own motion and without notice, enter a corrective judgment and decree nunc pro tunc at a later date; and since such entry simply perfects the record, as between the parties it relates back to the time when it was originally entered. [Cit.]" *Gresham v. Rogers,* 147 Ga. App. 189 (3), 192 (248 SE2d 225).

2. The trial court's dismissal of the appeal will not be disturbed. The record clearly reflects that the transcript was not timely filed. Since there is no transcript of the hearing on the motion to dismiss the appeal we must presume the findings of the trial court are supported by the evidence. *Aviation Electronics, Inc. v. U. S. Energy Con. Systems, Inc.,* 242 Ga. 224 (248 SE2d 610).

3. Because the remaining matters raised in the second appeal could have been included in the first appeal if it had been properly perfected, we do not view the amendment correcting the judgment made on February 22 as being appealable. Compare, *In re Thomas,* 134 Ga. App. 728 (215 SE2d 735) and *Propes v. Stonington Homeowners Assn.,* 149 Ga. App. 135 (3) (253 SE2d 813). Assuming, without deciding, that it was appealable, appellant is not assisted thereby as the remaining enumerations are without merit. Compare, *Gresham v. Rogers,* 147 Ga. App. 189 (3), supra.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED JUNE 17, 1980 — DECIDED SEPTEMBER 5, 1980 —

*Paul S. Weiner,* for appellant.
*Furman Smith, Jr.,* for appellee.