### A03A0478. CAPITAL CARGO, INC. v. PORT OF PORT ROYAL, INC.

(584 SE2d 54)

BARNES, Judge.

Capital Cargo, Inc. appeals a judgment against it, arguing that the trial court erred in amending the judgment outside the term of court in which it was originally issued to add prejudgment interest, and erred in awarding prejudgment interest at all because this debt is not a "commercial account" to which OCGA § 7-4-16 applies. For the reasons that follow, we reverse.

---

Port of Port Royal, Inc. sued Capital Cargo, Inc. for money owed on the sale of its warehouse business and for prejudgment interest pursuant to OCGA § 7-4-16, as well as for the sale of a piece of equipment and another business debt. After Capital Cargo answered, both parties moved for partial summary judgment. On November 23, 1998, the trial court granted summary judgment to Port Royal on the business sale debt and to Capital Cargo on the other two counts, specifying that

> JUDGMENT IS HEREBY ENTERED in favor of Plaintiff Port of Port Royal, Inc., and against Defendant Capital Cargo, Inc., in the amount of $54,184.12 under Count One. JUDGMENT IS HEREBY ENTERED in favor of Defendant Capital Cargo, Inc., and against Plaintiff Port of Port Royal, Inc. on Counts Two and Three of the complaint.

Capital Cargo filed a Chapter 11 bankruptcy petition which stayed the proceedings in this case, and the bankruptcy court issued an order confirming its plan on July 19, 2000, and lifting the stay. On February 5, 2001, Port Royal filed "Plaintiff's Motion for Pre-Judgment Interest and Entry of Final Judgment and/or Motion to Correct Oversight or Omission," arguing that the court's order granting it summary judgment on the business sale debt but failing to award prejudgment interest was inconsistent. It asked the court to "correct this oversight or omission" pursuant to OCGA § 9-11-60 (g). Capital Cargo opposed the motion, but the trial court granted it, awarding Port Royal $28,805.16 in prejudgment interest "as to Count One of the Complaint pursuant to OCGA § 7-4-16" and directing the clerk to enter a final judgment on Count 1 of $54,184.12 principal plus $28,805.16 interest.

Capital Cargo argues on appeal that the trial court erred in modifying the judgment outside the term of court in which it was entered, and erred in awarding prejudgment interest at all because this debt is not a commercial account to which OCGA § 7-4-16 applies.

1. The trial court erred in modifying the judgment outside the term of court in which it was entered. Terms of court in Chatham County begin on the first Monday in March, June, September, and December. OCGA § 15-6-3 (17). The initial judgment was entered on November 23, 1998, and the second judgment was entered on June 21, 2002, which is clearly outside the first term of court. Even assuming without deciding that Capital Cargo's bankruptcy filing stayed the requirement that the judgment could only be modified within the same term of court except to correct clerical errors, the bankruptcy stay was lifted on July 19, 2000, and the modification was made outside that term of court. "The general rule is that after expiration

of the term at which a judgment is entered, it is out of the power of the court to modify and revise the judgment in any matter of substance or in any matter affecting the merits." *Lee v. Restaurant Mgmt. Svcs.*, 232 Ga. App. 902, 903 (1) (503 SE2d 59) (1998). OCGA § 9-11-60 (g) gives the trial court discretion to amend judgments outside the term of court only to correct "[c]lerical mistakes . . . arising from oversight or omission."

Port Royal contends that the trial court's failure to award prejudgment interest in its initial judgment was merely a clerical error or omission, and therefore the court was authorized to alter its judgment to add the interest award outside the term of court. Clerical errors or omissions that may be corrected by amending the judgment outside the term of court pursuant to OCGA § 9-11-60 (g) include a "mere irregularity appearing on the face of the record," *Williams v. Stancil*, 119 Ga. App. 800 (1) (168 SE2d 643) (1969), or a "mathematical error in the principal amount of the judgment . . . shown on the face thereof." *Brannon v. Trailer Craft Mfg. Co.*, 130 Ga. App. 766 (2) (204 SE2d 477) (1974). Adding $28,805.16 in a new category of damages, however, was not the correction of an obvious mere clerical error or omission, but a substantive change in the judgment. Therefore, the trial court erred in amending the judgment to add interest after the term of court expired in which the original judgment was rendered. See *Piggly Wiggly Southern v. Snowden*, 219 Ga. App. 148, 151 (7) (464 SE2d 220) (1995).

Port Royal cites *Denson v. Sanders*, 155 Ga. App. 583 (271 SE2d 715) (1980), for the proposition that a judgment failing to include interest on the principal contains a clerical error that may be amended at any time under OCGA § 9-11-60 (g). That case is clearly distinguishable, however, as the judgment there also overstated the principal amount and understated the attorney fees, and the motion to correct the judgment was filed 12 days later, within the same term of court. Id. at 584-585 (1). *Gresham v. Rogers*, 147 Ga. App. 189, 192 (3) (248 SE2d 225) (1978), is similarly distinguishable, in that the trial court there, unlike in the case before us, simply corrected its initial judgment, which lumped principal, interest, and attorney fees into one sum, by separating the amounts and exempting interest after judgment from the attorney fees.

2. Additionally, even if Port Royal had moved the court to amend its judgment within the same term of court, it was not entitled to prejudgment interest under OCGA § 7-4-16, which authorizes the "owner" of a "commercial account" to charge such interest on past due amounts. "Commercial account" is defined as "an obligation for the payment of money arising out of a transaction to sell or furnish, or the sale of, or furnishing of, goods or services," which would include a debt based on an "invoice-based and not contract-based" relationship.

(Punctuation omitted.) *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 855-856 (1) (b) (501 SE2d 30) (1998). A debt based on a lien bond, *Turner Constr. Co. v. Electrical Distrib.*, 202 Ga. App. 726, 727 (3) (415 SE2d 325) (1992), or a debt based on an employment contract, *Southern Water Technologies v. Kile*, 224 Ga. App. 717, 720 (4) (481 SE2d 826) (1997), are not "commercial accounts." The debt in the case before us is similarly based on a contract, an asset purchase agreement, which provided that payment in cash was due at closing. Therefore, Port Royal was not entitled to prejudgment interest pursuant to OCGA § 7-4-16, and although we affirm the judgment in the amount of $54,184.12, we must reverse as to the prejudgment interest.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 19, 2003.

*Hunter, Maclean, Exley & Dunn, Marc G. Marling, Robert A. Lewallen, Jr.*, for appellant.

*Oliver, Maner & Gray, James P. Gerard, Terri M. Yates*, for appellee.