S03F1620. CARSON v. CARSON.
(588 SE2d 735)

THOMPSON, Justice.

Christopher Steven Carson and Pamela Lamar Carson were granted a final judgment and decree of divorce. All issues, except for attorney fees, were resolved by the parties in a settlement agreement which was incorporated into the final judgment. The agreement provided that the outstanding issue of attorney fees "shall be left to the sound discretion of the trial court" upon written submissions by the parties. After considering briefs and affidavits from both parties, the trial court ordered husband to pay wife $55,782 in attorney fees.

---

Husband filed a motion for new trial from that ruling, which was denied after a two-day hearing. We granted husband's subsequent application for discretionary review.

It is unclear whether the award of attorney fees was made solely pursuant to OCGA § 9-15-14 (b), or whether the trial court also considered the provisions of OCGA § 19-6-2 (a), because both provisions are analyzed (but not cited) in the trial court's order. In either event, the award must be affirmed.

1. In several enumerations of error, husband essentially claims that the trial court erred in valuating his assets and, thus overestimated his ability to pay wife's attorney fees. These arguments appear to be directed to a consideration of the financial circumstances of the parties as required under OCGA § 19-6-2 (a) (1). See generally *McDonogh v. O'Connor*, 260 Ga. 849 (400 SE2d 310) (1991).

An appellate court will affirm the denial of a motion for new trial "if at trial the evidence conflicted and some evidence supported the verdict. . . . In considering this issue, we view the evidence most favorably to the party who secured the verdict." *Cornelius v. Hutto*, 252 Ga. App. 879 (558 SE2d 36) (2001). With that standard in mind, we review husband's claims.

The trial court based the award of attorney fees on a finding that husband was "the beneficiary of various family trusts and at the time of separation he controlled nearly $335,000 in inherited funds," that he did not work during the parties' 18-month separation, but that he had earnings in excess of $80,000 in previous years. The court also found that the wife had not worked outside the home during most of the 29-year marriage, but that she had started a catering company in anticipation of the parties' separation, earning approximately $38,000 per year.

Under the terms of the settlement agreement, the trial court reviewed the original submissions by the parties prior to entering its initial order. Wife's attorney produced evidence of the value of the services of his representation over 18 months, showing an outstanding balance of $55,782 (after payments of $25,720 by wife, and $7,500 by husband). Before ruling on the motion for new trial, the court heard argument and engaged in a thorough reexamination of the record.[1] Each time, the trial court determined that the evidence supported an award of attorney fees to wife. Based on our review of the record, we are convinced that the award is supported by the evidence. Accordingly, the ruling of the trial court will not be disturbed. See

---

[1] At the hearing on the motion for new trial, the trial court stated it was confident it had conducted a full evaluation of the evidence prior to rendering its initial ruling, but that it "will go back and painstakingly" reexamine the evidence to ensure that its decision was correct.

generally *Bowman v. Bowman*, 242 Ga. 259 (248 SE2d 654) (1978).

2. Husband also asserts that the trial court erred in awarding attorney fees under OCGA § 9-15-14 (b).

Under that Code section, costs of litigation and attorney fees may be awarded against any party for their substantially frivolous, groundless, or unjustified defense of any part of an action, actions interposed for delay or harassment, or unnecessary expansion of a proceeding by improper conduct including, but not limited to, abuses of discovery procedures. Id. "OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

After consideration of the evidence, the trial court made an award based on the finding that during the divorce proceedings, husband refused to comply with wife's multiple requests for production of documents, filed extraordinary motions, rejected multiple settlement offers, and moved to reopen discovery six months after it had concluded. Although husband argued that such events did not occur or that they were justifiable, the trial court was authorized to resolve conflicts in the evidence. See *Walton v. Walton*, 219 Ga. 729, 732 (135 SE2d 886) (1964). Our review of the record demonstrates that the court properly exercised its discretion in awarding attorney fees under OCGA § 9-15-14 (b).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*Robert H. McDonnell*, for appellant.
*Peter F. Boyce, Traci A. Weiss*, for appellee.