**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 23, 2015**

# In the Court of Appeals of Georgia

A15A0613. IN THE INTEREST OF B. H.-W., a child.                JE-030

ELLINGTON, Presiding Judge.

D. W., the biological father of B. H.-W., filed in the Juvenile Court of DeKalb County a petition to legitimate the child, then ten months old, and a motion for placement. After a hearing, the juvenile court granted the petition for legitimation and ordered that B. H.-W. be placed with the father. In the same proceedings, the juvenile court dismissed a petition for permanent guardianship previously filed by the Georgia Department of Human Resources by and through the DeKalb County Department of Family and Children Services ("the Department"). B. H.-A., the child's mother, appeals, contending that the juvenile court erred in failing to include necessary jurisdictional facts in its orders, in excluding certain testimony regarding the father's pursuit of his opportunity interest and his fitness to parent, in finding that the father

had not abandoned his opportunity interest in B. H.-W., in failing to determine whether the father was a fit parent before granting his petition to legitimate, and in failing to apply the best interest standard when it dismissed the guardianship petition and awarded custody to the father. For the reasons explained below, we affirm.

1. The mother contends the trial court erred in failing to include necessary jurisdictional facts in its judgment.[1] "As a general rule, a juvenile court is a court of special and limited jurisdiction, and [a juvenile court's] judgment[ ] must show on [its] face such facts as are necessary to give [the court] jurisdiction of the person and subject matter. If the order of a juvenile court fails to recite the jurisdictional facts, the judgment is void." (Citation and punctuation omitted.) *In the Interest of S. K. L.*, 199 Ga. App. 731, 734-735 (2) (c) (405 SE2d 903) (1991).

In this case, the juvenile court's final custody order referenced and incorporated the legitimation order entered days earlier. The custody order reflected

---

[1] In this claim of error, the mother also contends that the juvenile court erred in omitting findings of fact and conclusions of law on which the decision was based. The mother failed to support this argument with any citation to relevant legal authority, however, and therefore this argument is deemed abandoned. See Court of Appeals Rule 25 (c) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000) (legal argument requires the application of the appropriate law to the relevant facts).

2

on its face that all parties were served with a copy of the pleadings and were present, along with their counsel, for the August 11, 2014 hearing. The mother did not contest the juvenile court's personal jurisdiction, a matter which can be waived. See id. at 734 (2) (b). The custody order also reflected on its face that the proceedings concerned a child then in the Department's custody and that the orders disposed of the father's petition for legitimation and motion for placement as well as the Department's pending petition that permanent guardianship be awarded to B. H.-W.'s current foster parent. Accordingly, the custody order showed on its face such facts as were necessary to give the juvenile court jurisdiction of the person and subject matter. See *In the Interest of S. K. L.*, 199 Ga. App. at 734-735 (2) (c); OCGA §§ 15-11-2 (22) ("'Dependent child' means a child who . . . [i]s without his or her parent, guardian, or legal custodian."); 15-11-10 (1) (C) (Except as otherwise provided, "the juvenile court shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action . . . [c]oncerning any child who . . . [i]s alleged to be a dependent child[.]";15-11-11 (1) ("The juvenile court shall have concurrent jurisdiction to hear . . . [a]ny legitimation petition filed pursuant to Code Section 19-7-22 concerning a child alleged to be dependent[.]").

2. The mother contends the trial court erred in excluding certain testimony regarding the father's pursuit of his opportunity interest and his fitness to parent. "Evidentiary rulings are reviewed under an abuse of discretion standard[.]" (Citation omitted.) *Reeves v. State*, 294 Ga. 673, 676 (2) (755 SE2d 695) (2014).

The mother cites to the following proceedings. After the father's counsel questioned him in support of his legitimation petition, the mother's counsel asked him on cross-examination whether he had signed B. H.-W.'s birth certificate, and he responded that he had not. Counsel then asked, "But when [the child] was born [on] October 4 you were aware that he was born[?]" The father's counsel objected on the basis of relevance, in light of the mother's written consent to legitimation that she filed on the day of the hearing. The mother's counsel acquiesced, saying, "[M]y questions go [also] towards the [issue of] placement. So I can save them for that [portion of the hearing] as well." Only then did the juvenile court sustain the objection.

The record shows that, later in the hearing, the mother's counsel recalled the father to revisit the issue of his pursuit of his opportunity interest and questioned him about when he knew about B. H.-W.'s birth, his visitation with the child, and his financial and material support of the child. The trial court expressly found on the

4

evidence presented that the father had not abandoned his opportunity interest. Because the record shows that, before the trial court ruled on the father's legitimation petition, the mother had the opportunity to question the father on the issue of his pursuit of his opportunity interest, or lack thereof, the trial court's error, if any, was corrected; we find no reversible error. *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014) ("[I]t is a fundamental principle that harm as well as error must be shown for reversal" based on an evidentiary ruling.) (punctuation and footnote omitted).

3. The mother contends the trial court erred in finding that the father had not abandoned his opportunity interest in B. H.-W.

> Before granting a petition to legitimate, the court must initially determine whether the father has abandoned his opportunity interest to develop a relationship with the child. Then, depending on the nature of the putative father's relationship with the child and other surrounding circumstances, the standard for evaluating whether legitimation is appropriate is either a test of his fitness as a parent or the best interest of the child.

(Punctuation and footnote omitted.) *Morris v. Morris,* 309 Ga. App. 387, 388-389 (2) (710 SE2d 601) (2011). "We review a trial court's ruling on a legitimation petition for abuse of discretion. We review the court's factual findings, however, for clear

5

error and will only sustain such findings if there is competent evidence to support them." (Citations and punctuation omitted.) *Neill v. Brannon*, 320 Ga. App. 820, 822 (1) (738 SE2d 724) (2013).

The father and his mother (the paternal grandmother) testified at the evidentiary hearing in this case; B. H-A. did not adduce any conflicting evidence. They testified that the father's parents visited the mother and the baby in the hospital just after B. H.-W. was born and took her a car seat, stroller, and baby clothes that the father had purchased. A week or two after he was born, B. H.-W. was readmitted to the hospital for a hernia repair, and the father stayed with B. H.-W. the entire time while he was in the hospital, approximately one week. The paternal grandmother hosted the mother and B. H.-W. at her home for a week at Thanksgiving, the month after the baby was born. During that week, the father fed B. H.-W. and changed his diaper, including during the night.

A few weeks later, the Department removed B. H.-W. from his mother's care because the mother, who was a minor in the Department's custody, had disrupted her placement and was unable to care for the baby independently. The father visited frequently with B. H.-W. while he was in foster care. The father and the paternal grandmother also contacted the Department many times at various stages during the

6

case and attended court dates. Based on this evidence, the juvenile court found that the father did not abandon his opportunity interest to develop a relationship with B. H.-W. We conclude that the evidence was sufficient to support this finding, and the mother has not shown that the trial court abused its discretion in its ruling. *Morris v. Morris,* 309 Ga. App. at 389-390 (2).

4. The mother contends the trial court erred in failing to determine whether the father was a fit parent before granting his petition to legitimate. In the hearing, the juvenile court stated that it was granting the father's petition to legitimate "using the parental fitness test." Thus, to the extent the mother contends that the trial court failed to make this determination, such argument is not supported by the record. See also *Curtice v. Harwell*, 313 Ga. App. 263, 264 (1) (721 SE2d 200) (2011) (Even though the trial court made no express determination that either parent was a fit parent, such determination was implicit in the court's custody award.). Moreover, as the mother concedes, parental fitness is a low threshold, and a parent is not unfit simply because his or her child might have better financial, educational, or moral advantages elsewhere. See *Harris v. Snelgrove*, 290 Ga. 181, 182 (2) (718 SE2d 300) (2011) (The focus of a determination of fitness "must be the parent's ability to provide for the child in a manner sufficient to preclude the need for an entity of the government to

intervene and separate the child from the parent[.]") (citation omitted); Russell J. Davis, 8 Ga. Jur. Family Law § 8:28 (updated December 2014) ("The fact that a child might have better financial, educational, or moral advantages elsewhere is . . . insufficient for a finding that a parent is unfit.") (footnote omitted). We discern no error.

5. The mother contends the trial court erred in failing to apply the best interest standard when it dismissed the guardianship petition and awarded custody to the father. This is incorrect. Under Georgia law, because the interest of a father to enjoy the benefits of custody is protected by due process of law, provided that he has not abandoned his opportunity interest, once the juvenile court determined that the father had not abandoned his opportunity interest, the court was not required to apply the best interest of the child standard in disposing of the third party petition for guardianship of his child. See *In re Baby Girl Eason*, 257 Ga. 292, 296-297 (1) (358 SE2d 459) (1987) ( "[A] fit biological father who pursues his interest in order to obtain full custody of his child must be allowed to prevail over strangers to the child who seek to adopt.");[2] *Doe v. Chambers*, 188 Ga. App. 879, 880 (1) (374 SE2d 758)

[2] *In re Baby Girl Eason* remains binding precedent despite the adoption in 1996 of OCGA § 19-7-1 (b.1), which concerns custody disputes between legal parents and certain third parties, including prospective adoptive parents. See 1996 Ga. Laws 412;

(1988) (In circumstances where the father "has not abandoned his opportunity interest, the standard which must be used to determine his right to legitimate the child is his fitness to have custody of the child[,]" and the trial court does not apply the best interests of the child standard.) (citation and punctuation omitted). This claim of error lacks merit.

*Judgment affirmed. Dillard and McFadden, JJ., concur.*

---

*Clark v. Wade*, 273 Ga. 587, 589-593 (II) (544 SE2d 99) (2001).