**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J, and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 8, 2017**

# In the Court of Appeals of Georgia

A17A0153. STEVENS et al. v. FOOD LION, LLC.                    DO-006

DOYLE, Chief Judge.

Adrienne and Roy Stevens ("the plaintiffs") filed a negligence action against Food Lion, LLC, after Adrienne fell at a Food Lion store. Following a jury trial, the trial court entered judgment in favor of the plaintiffs. Thereafter, the trial court granted Food Lion's motion to amend the judgment to include attorney fees and costs under OCGA § 9-11-68. The plaintiffs appeal, arguing that the trial court was without authority to amend the judgment. For the reasons that follow, we affirm.

The facts relevant to this appeal are undisputed. On November 26, 2012, the plaintiffs sued Food Lion. On November 26, 2013, Food Lion sent plaintiffs' counsel an offer of settlement made pursuant to OCGA § 9-11-68, offering to settle all claims for $25,000; the plaintiffs rejected the offer. Following a trial, the jury found in favor

of Adrienne as to her claims in the amount of $25,000, but found her 30 percent negligent; it found in favor of Food Lion as to Roy's loss of consortium claim. On July 2, 2015, the trial court entered judgment in favor of Adrienne in the amount of $17,500, which amount reflects the reduction based upon the jury's finding that she was contributorily negligent.

On July 30, 2015, Food Lion filed a motion for attorney fees and costs pursuant to OCGA § 9-11-68 (b) (1) and a separate motion to amend the final judgment to add attorney fees and costs.[1] The following day, the plaintiffs filed a motion for new trial; they later dismissed that motion on December 8, 2015. On June 21, 2016, the trial court held a hearing on Food Lion's motions for attorney fees and costs and to amend the judgment.[2] Plaintiffs' counsel argued that the fees were not reasonable, but

---

[1] Food Lion attached supporting documents to the motion for attorney fees in costs, including an affidavit of counsel attesting to the reasonableness of the fees and a detailed invoice for professional services related to work required to defend the case after the plaintiffs declined the settlement offer.

[2] Defense counsel stated during the hearing that Food Lion already had paid the judgment and one month's interest.

declined to present evidence or cross-examine Food Lion's witnesses regarding the fees and costs.[3]

Following the hearing, on June 22, 2016, the trial court entered an order granting Food Lion's motion to amend the June 2015 judgment to add attorney fees and costs pursuant to OCGA § 9-11-68 and awarding to Food Lion attorney fees in the amount of $58,548 and costs in the amount of $4,127.70.[4] This appeal follows.

On appeal, the plaintiffs do not challenge the amount or reasonableness of the fees, nor do they contend that an attorney fees and costs award pursuant to the offer of settlement statute was improper. Instead, the plaintiffs argue that the trial court erred by amending the judgment outside the term of court to include the attorney fees and costs award. We disagree.

---

[3] Plaintiffs' counsel advised the court that he was not ready for the hearing because he wished to conduct discovery as to the fees and costs sought by Food Lion, but the trial court elected to proceed, noting that the motions for attorney fees and to amend the judgment had been pending for over 12 months.

[4] In the order amending the judgment, the trial court concluded that Food Lion's "[m]otion [is] proper, the fees shown are reasonable, appropriate for the work performed[,] and are only for the period of time from the rejection of [Food Lion's] offer under OCGA § 9-11-68 to the entry of judgment."

In its motion, Food Lion requested that the trial court amend the judgment pursuant to OCGA § 15-1-3 (6),[5] which provides: "Every court has power . . . [t]o amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth."[6]

> It is well established that a trial court has no jurisdiction to change or modify a judgment outside the term of court in which the judgment was entered. After the close of the term of court in which the judgment was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits.[7]

In this case, the original judgment was issued during the June 2015 term, and although the order amending the judgment was not entered until the June 2016 term, Food Lion filed the motion to amend in July 2015, during the same term of court as

---

[5] Food Lion does not contend that OCGA § 9-11-60, which provides a method of obtaining relief from judgments in certain circumstances, including those involving clerical errors, applies to this case.

[6] OCGA § 15-1-3 does not contain a time limitation for moving to amend a judgment. See *Floyd v. Springfield Plantation Property Owners' Assn.*, 245 Ga. App. 535, 536-537 (2) (538 SE2d 455) (2000).

[7] (Footnotes and punctuation omitted.) *De La Reza v. Osprey Capital, LLC*, 287 Ga. App. 196, 197 (1) (651 SE2d 97) (2007), quoting *City of Cornelia v. Gunter*, 227 Ga. 464 (181 SE2d 489) (1971).

the original judgment.[8] Thus, "the [trial] court . . . had inherent power to amend the judgment because the motion was made in the same term in which the original judgment was entered."[9]

*Judgment affirmed. Miller, P. J., and Reese, J., concur*.

---

[8] The terms of court for Gwinnett County (in the Gwinnett Circuit) are the "[f]irst Monday in March, June, and December and second Monday in September."

[9] *Piggly Wiggly S. v. Snowden*, 219 Ga. App. 148, 151 (7) (464 SE2d 220) (1995). *Capitol Cargo, Inc. v. Port of Port Royal*, 261 Ga. App. 803, 804-815 (1) (584 SE2d 54) (2003), relied upon by the plaintiffs, is inapposite because the motion to amend in that case was filed outside the term of court of the original judgment.