**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 2, 2020**

# In the Court of Appeals of Georgia

A20A1215, A20A1307. THE MEDICAL CENTER OF CENTRAL GEORGIA, INC. et al. v. CANCEL et al.; and vice versa.

PIPKIN, Judge.

Following years of litigation and multiple appeals, The Medical Center of Central Georgia, Inc., and two of its officers (collectively "the Medical Center") filed a motion for attorney fees under OCGA § 9-11-68. The trial court denied the motion as untimely. In Case Number A20A1215, the Medical Center appeals the trial court's ruling. In Case Number A20A1307, Angel Cancel, Pravin Jain, Grace Duque-Dizon, and Manojna Sanjeev (collectively "the plaintiffs") have filed a "Notice of Conditional Cross Appeal." For reasons that follow, we affirm the trial court's ruling in A20A1215 and dismiss the appeal in A20A1307 as moot.

Given this case's lengthy history before this Court, we do not need to restate the facts.[1] The limited facts germane to this appeal show that this case began in 2002 when four doctors ("the plaintiffs") sued the Medical Center. The trial court granted summary judgment in favor of the Medical Center, and the plaintiffs appealed. In 2018, this Court affirmed the trial court's grant of summary judgment, and the Supreme Court denied the plaintiffs' petition for certiorari. See *Cancel v. Medical Center of Central Georgia*, 345 Ga. App. 215 (812 SE2d 592) (2018), cert. denied (Nov. 5, 2018). The trial court entered judgment on remittitur on November 27, 2018.

On April 18, 2019, the Medical Center filed a motion for attorney fees and expenses pursuant to OCGA § 9-11-68. The motion alleged that the Medical Center had made a good faith settlement offer in 2007, which the plaintiffs rejected. The Medical Center maintained they were entitled to recover attorney fees and expenses.

Following a hearing, the trial court denied the motion. The trial court noted that the motion had been filed nearly five months after its entry of judgment following remittitur. According to the trial court, the Medical Center was required to file the

---

[1] The underlying facts are set forth in this Court's opinions in *Cancel v. Sewell*, 321 Ga. App. 523 (740 SE2d 870) (2013); *Sewell v. Cancel*, 331 Ga. App. 687 (771 SE2d 388) (2015); and *Cancel v. The Medical Center of Central Georgia, Inc.*, 345 Ga. App. 215 (812 SE2d 592) (2018).

motion within the same term of court in which final judgment was entered. Since the motion was filed beyond that window of time, the trial court concluded that it lacked authority to rule on the motion. In support of this ruling, the trial court relied on this Court's opinion in *Stevens v. Food Lion*, 341 Ga. App. 644, 646 (801 SE2d 340) (2017) in which a motion for OCGA § 9-11-68 attorney fees was treated as a request to amend the judgment.

1. In Case Number A20A1215, the Medical Center appeals the trial court's denial of its motion for attorney fees. According to the Medical Center, there is no time limit in which to file a motion for OCGA § 9-11-68 attorney fees. We disagree.

OCGA § 9-11-68, which is commonly referred to as Georgia's "offer of settlement" statute, was enacted in 2005 to encourage litigants in tort actions to make good faith efforts to settle cases in order to avoid litigation. See *Georgia Dept. of Corrections v. Couch*, 295 Ga. 469, 470-471 (1) (b) (759 SE2d 804) (2014). The statute applies when a party rejects a written good faith offer to settle a tort claim. OCGA § 9-11-68 (a) (setting forth the requirements for the offer). If the plaintiff rejects the defendant's offer, the statute provides that:

> the defendant shall be entitled to recover reasonable attorney's fees and
> expenses of litigation incurred by the defendant or on the defendant's

behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

OCGA § 9-11-68 (b) (1). Upon the defendant's provision of proof to the trial court that OCGA § 9-11-68 (b) (1) applies, the trial court "shall order the payment of attorney's fees and expenses of litigation[.]" OCGA § 9-11-68 (d) (1). Such an award may be disallowed only where the trial court finds the settlement offer was not made in good faith. See OCGA § 9-11-68 (d) (2).

When OCGA § 9-11-68 was first enacted, the statute provided "[u]pon motion made within 30 days of the entry of the judgment or after voluntary or involuntary dismissal, the court shall determine" if an award of attorney fees was required. OCGA § 9-11-68 (d) (2005). In 2006, however, the legislature amended the statute to remove this provision. The statute is now silent as to any time limitation for seeking attorney fees. The Medical Center contends that the amendment evinces a legislative intent to remove any time barriers to seeking payment of attorney fees under OCGA § 9-11-68.

If we accept as true the Medical Center's contention – that a prevailing party can seek attorney fees under the statute at any time – a motion for OCGA § 9-11-68 attorney fees could be made years after resolution of the case. This would contravene

4

a bedrock principle of jurisprudence, which requires the finality of judgments. The general rule is that a trial court's jurisdiction to act in a case ends at the term in which judgment is entered. As the Supreme Court recently reiterated,

> [a] court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify, or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke, or vacate them, as may, in its discretion seem necessary. But after the expiration of the term at which a judgment or decree was rendered, it is out of the power of the court to amend it in any matter of substance or in any matter affecting the merits.

(Punctuation omitted.) *Lemcon USA Corp. v. Icon Tech. Consulting*, 301 Ga. 888, 891 (1) (b) (804 SE2d 347) (2017). This rule strikes the appropriate balance between allowing a court to correct its rulings and promoting finality. See id. Accordingly, in the absence of a specified time in which to file a motion, we will apply the general principle that a trial court's authority over a case ends with the term in which final judgment was entered. Although a motion filed within the term of court may extend a trial court's authority to rule beyond the term, see *Bagley v. Robertson*, 265 Ga. 144, 146 (454 SE2d 478) (1995), the Medical Center did not file its motion for OCGA § 9-11-68 attorney fees during the term of court in which the trial court entered final judgment upon remittitur. Under these circumstances, the trial court properly

concluded the motion was not timely filed. Compare *Stevens*, 341 Ga. App. at 644 (motion for OCGA § 9-11-68 attorney fees filed during the same term of court as the original judgment).

To avoid this result, the Medical Center argues that the attorney fee award under OCGA § 9-11-68 should not be considered part of the judgment and thus a motion for fees does not seek to amend the judgment. The Supreme Court has made clear, however, that a motion for OCGA § 9-11-68 attorney fees is not an independent action, but is "wholly dependent upon the parties' conduct during the underlying tort action and may be sought only in connection with such an action." *Couch*, 295 Ga. at 476 (2) (a). We thus fail to see how the attorney fee award could be considered as separate from the underlying judgment.

We recognize that requiring litigants to file a motion for OCGA § 9-11-68 attorney fees during the term of court in which judgment is entered may cause a hardship when judgment is entered near the end of the term. Any remedy for this hardship must be addressed by the legislature. See *Harris v. Mahone*, 340 Ga. App. 415, 422 (1) (797 SE2d 688) (2017) ("[U]nder our system of separation of powers this Court does not have the authority to rewrite statutes.") (punctuation omitted).

2. In Case Number A20A1307, the plaintiffs have filed a "Notice of Conditional Cross Appeal," which purports to

> preserve all objections raised by Plaintiffs in the trial court in opposition to the Hospital Defendants' motion for attorney fees, and any other matters to which some or all of the Plaintiffs would be authorized to cross appeal pursuant to Georgia law, without regard to whether the trial court's . . . Order reached the merits of such objections or matters.

The Medical Center has filed a motion to dismiss this appeal on the basis that the plaintiffs have not challenged any ruling of the trial court. Without considering the viability of a "conditional" cross appeal, our decision in A20A1215 renders this appeal moot. Accordingly, the appeal in Case Number A20A1307 is hereby dismissed. See OCGA § 5-6-48 (b) (c). The Medical Center's motion to dismiss the appeal is also dismissed as moot.

*Judgment affirmed in Case No. A20A1215. Appeal dismissed in Case No. A20A1307. Barnes, P. J., and Gobeil, J., concur*.