**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS*
*COURT. ALL FILINGS MUST BE SUBMITTED WITHIN*
*THE TIMES SET BY OUR COURT RULES.*

**March 2, 2021**

# In the Court of Appeals of Georgia

A20A2061. JOHNSON v. JOHNSON.

REESE, Presiding Judge.

James Herbert Johnson ("Husband") appeals from an amended divorce decree entered by the Superior Court of Harris County and the court's denial of his motion for new trial. On appeal, Husband argues, among other things, that the trial court lacked jurisdiction to enter an amended divorce decree, and that the court committed several errors in the decree. We disagree, and for the reasons set forth infra, affirm.

Viewed in the light most favorable to the verdict,[1] the record shows the following. Husband and Brandilyn Kay Johnson ("Wife") married in 2003. They had two sons together, who were born in 2006 and 2008. Wife filed for divorce in 2017 and sought custody, child support, alimony, a division of assets, and attorney fees.

---

[1] See *Carson v. Carson*, 277 Ga. 335, 336 (1) (588 SE2d 735) (2003).

The court held a trial in August 2019 and signed a final decree of divorce on October 30, 2019. Husband filed a motion for new trial on November 25, 2019. The superior court denied Husband's motion in February 2020, but entered an amended divorce decree that same day correcting some of the deficiencies alleged by Husband. We granted Husband's application for discretionary review, and this appeal followed.

"An appellate court will affirm the denial of a motion for new trial if at trial the evidence conflicted and some evidence supported the verdict. In considering this issue, we view the evidence most favorably to the party who secured the verdict."[2] We review questions of law de novo, and the trial court's rulings on the division of assets, attorney fees, and deviations from the presumptive amount of child support for an abuse of discretion.[3] "[T]he court's factual findings are reviewed using the 'any

---

[2] *Carson*, 277 Ga. at 336 (1) (citation and punctuation omitted).

[3] See *Zekser v. Zekser*, 293 Ga. 366, 367 (1) (744 SE2d 698) (2013) (division of assets); *Parker v. Parker*, 293 Ga. 300, 304 (2) (745 SE2d 605) (2013) (deviations in child support); *Hunter v. Hunter*, 289 Ga. 9, 11 (2) (709 SE2d 263) (2011) (attorney fees); *Colbert v. Colbert*, 321 Ga. App. 841 (1) (743 SE2d 505) (2013) (questions of law).

evidence' rule, under which a finding supported by any evidence must be upheld[.]"[4]

With these guiding principles in mind, we now turn to Husband's claims of error.

1. Husband argues that the trial court erred in entering an amended divorce decree after the term of court had expired.

"A judge's power to revise, correct, revoke, modify, or vacate a judgment does not extend beyond the same term of court, unless a motion to modify or vacate, et cetera, was filed within the same term of court."[5] In this case, the original judgment was entered in the September 2019 term.[6] Although the court did not enter the order amending the divorce decree until the January 2020 term, Husband filed his motion for new trial during the same term of court as the original judgment. "Thus, the trial court had inherent power to amend the judgment because the motion was made in the same term in which the original judgment was entered."[7]

---

[4] *Driver v. Driver*, 292 Ga. 800, 802 (2) (741 SE2d 631) (2013) (citation and punctuation omitted).

[5] *Tremble v. Tremble*, 288 Ga. 666, 668 (1) (706 SE2d 453) (2011) (citation and punctuation omitted).

[6] The terms of court for Harris County are the "[s]econd Monday in January, May, and September." OCGA § 15-6-3 (8) (B).

[7] *Stevens v. Food Lion*, 341 Ga. App. 644, 646 (801 SE2d 340) (2017) (punctuation and footnote omitted); cf. *Tremble*, 288 Ga. at 668-669 (1) (trial court

Husband briefly mentions in his appellate brief that the trial court failed to serve the amended decree on him or his counsel. To the extent Husband raises this as a claim of error, he did not support it with any argument, thus abandoning it on appeal.[8] We note, however, that the chief judge of the trial court noticed that the trial court had not transmitted the amended decree to Husband, and the chief judge informed Husband of the oversight. Husband was not prejudiced by this delay, as he timely filed an application for discretionary appeal, which we granted.

Because the trial court had the authority to enter an amended decree, we look to the amended decree in deciding Husband's remaining claims of error.

2. Husband argues that the trial court erred in failing to make specific factual findings regarding the deviations in child support for private school tuition and extracurricular activities.

---

could not enter an amended judgment outside original term of court because husband's motion for new trial was premature and husband did not file a timely motion for new trial).

[8] See *In the Interest of B. H.-W.*, 332 Ga. App. 269, 270 n.1 (1) (772 SE2d 66) (2015); see also Court of Appeals Rule 25 (c) (2).

4

Under OCGA § 19-6-15 (i) (1) (B), if the trial court determines that a deviation from the presumptive amount of child support is warranted, then the court must include "written findings" setting forth:

(i) The reasons for the deviation from the presumptive amount of child support;

(ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and

(iii) How, in its determination:

(I) Application of the presumptive amount of child support would be unjust or inappropriate; and

(II) The best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support.[9]

The trial court "has considerable discretion to deviate from the presumptive child support amount . . . but only after supporting any deviation with written findings of fact."[10] "[W]hen any of the required findings are omitted, we have no choice but to

---

[9] See also OCGA § 19-6-15 (c) (2) (E).

[10] *Hardman v. Hardman*, 295 Ga. 732, 737 (3) (b) (763 SE2d 861) (2014).

reverse the trial court's judgment and remand the case to the trial court for further proceedings."[11]

Although Husband focuses on the original divorce decree, the amended divorce decree contains the necessary findings. The amended decree contains the presumptive amount of child support, why the presumptive amount of child support would be inappropriate, the reasons for deviating due to private school and extracurricular activities, and why the deviations were in the best interest of the children. Thus, the trial court did not err in issuing written findings for the deviations.[12]

Husband contends that the private school deviation should have applied as a credit to him because he was the one paying tuition. However, the trial court found that "[t]he contract for the private school is in the [Wife's] name and the Court finds that it is appropriate for the [Wife] to pay such costs." Evidence presented at trial supported this finding. Husband also argues that the expenses for the extracurricular activities were not supported by the evidence, but he provides no record citations in

---

[11] *Brogdon v. Brogdon*, 290 Ga. 618, 623 (5) (b) (723 SE2d 421) (2012) (citation and punctuation omitted).

[12] Cf. *Brogdon*, 290 Ga. at 623-625 (5) (b) (trial court failed to include the necessary findings as required by OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B)).

his brief.[13] Wife submitted evidence regarding the children's tennis lessons and summer camps. Accordingly, the trial court did not abuse its discretion in ordering these deviations.[14]

3. Husband argues that the trial court erred in requiring him to carry a life insurance policy greater than the total amount of alimony and child support.

Under OCGA § 19-6-4 (a),

> [i]n any case before the court involving child support, the court may include in the order of support provision for life insurance on the life of either parent or the lives of both parents for the benefit of the minor children. The court may order either parent or both parents to obtain and maintain the life insurance.

"The statute does not limit the value of any such insurance to the future child support obligation of the parent. The amount is within the trial court's discretion[.]"[15]

_____

[13] See *Magnolia Court Apts. v. City of Atlanta*, 249 Ga. App. 6, 8 (545 SE2d 643) (2001) ("It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record.") (citation and punctuation omitted).

[14] See *Parker*, 293 Ga. at 304 (2).

[15] *Simmons v. Simmons*, 288 Ga. 670, 672 (3) (706 SE2d 456) (2011).

Similarly, "a trial court may order a spouse to carry life insurance for the benefit of the other spouse."[16]

Here, the trial court required Husband to maintain a $240,000 life insurance policy for the benefit of the Wife and a $250,000 policy for the benefit of the children. With respect to the life insurance policy for the Wife, the court allowed Husband to maintain the policy in decreasing amounts so long as the death benefit provided to Wife equaled the total remaining benefit she would receive in alimony. These amounts and policies were within the trial court's discretion.[17]

Husband's reliance on *Mongerson v. Mongerson*[18] is misplaced. In that case, the Supreme Court of Georgia held that the trial court erred in requiring the husband to maintain a life insurance policy for the benefit of a child that had already reached majority.[19] Here, however, both children were minors.

---

[16] *Hawkins v. Hawkins*, 268 Ga. 637, 638 (491 SE2d 806) (1997).

[17] See *Simmons*, 288 Ga. at 672 (3); *Hawkins*, 268 Ga. at 638.

[18] 285 Ga. 554, 555 (1) (678 SE2d 891) (2009), overruled in part by *Simmons*, 288 Ga. at 672 n. 4 (3).

[19] *Mongerson*, 285 Ga. at 555 (1).

4. Husband argues that the trial court erred in awarding attorney fees to Wife without sufficient factual findings on the issue.

OCGA § 19-6-2 "authorizes the trial court in a divorce action to exercise its sound discretion and, after considering the financial circumstances of the parties, to award attorney fees as necessary to ensure the effective representation of both parties."[20] The purpose of the statute is to "level the financial playing field" with respect to representation.[21] "A trial court's decision whether to award attorney fees pursuant to OCGA § 19-6-2 is a matter within the discretion of the trial court, and the exercise of that discretion will not be reversed unless manifestly or flagrantly abused."[22]

In this case, the trial court awarded Wife $31,959.25 in attorney fees under OCGA § 19-6-2. The court "considered the financial circumstances of both parties presented at trial" including the financial affidavits, documents and exhibits, testimony, relative income of the parties, and each party's separate property. The trial

---

[20] *Hoard v. Beveridge*, 298 Ga. 728, 730 (2) (783 SE2d 629) (2016) (citation and punctuation omitted).

[21] *Winchell v. Winchell*, 352 Ga. App. 306, 311 (2) (835 SE2d 6) (2019).

[22] *Hoard*, 298 Ga. at 730 (2) (citation and punctuation omitted).

court thus did not abuse its discretion in awarding attorney fees under OCGA § 19-6-2.[23]

5. Husband argues that the trial court erred in finding that there was no joint debt between the parties. He contends that the parties still had a joint mortgage on the marital home at the time of trial.

In the amended divorce decree under a section titled "Debt[,]" the court found that there was no joint debt between the parties. The parties, however, did have a joint indebtedness on the marital home. The trial court recognized this debt in a later section titled "Real Estate[.]" The court awarded Husband ownership of the marital home, and ordered him to pay Wife $71,581.24, which represented her marital equity and equity from separate property she had used to contribute to the down payment. Given these findings, the court did not abuse its discretion in dividing the marital assets even though it did not list the loan as a joint debt of the parties.[24]

Husband also argues that there was a joint "second mortgage" on the property that the court failed to take into account. However, Husband testified at trial that the

[23] See *Hoard*, 298 Ga. at 730 (2); see also *Winchell*, 352 Ga. App. at 312 (2); *Reid v. Reid*, 348 Ga. App. 550, 552-553 (1) (823 SE2d 860) (2019).

[24] See *Zekser*, 293 Ga. at 367-368 (1) (trial court did not abuse its discretion in dividing the marital property and indebtedness between the parties).

loan was unsecured, and it is undisputed that the loan was only in Husband's name. Husband also states in his appellate brief that, at trial, he agreed to remain responsible for the loan. The court did account for this loan in the "Debt" section of the divorce decree. Accordingly, the trial court did not abuse its discretion in considering this loan as well.[25]

6. Husband argues that the trial court erred in dividing the parties' retirement accounts. He contends that the amounts cited by the trial court did not correspond to the evidence.

The trial court awarded Wife as pre-marital property $33,603 from her TransAmerica retirement account and $13,169.02 from her IRA. The court awarded Husband as pre-marital property $4,211.77 from his IRA and $153,959.91 from his 401(k) account. The court found that the remainder of Wife's IRA and Husband's 401(k) account, which totaled $584,425.36, was a marital asset and ordered it divided equally between the parties. These amounts were supported by the evidence presented

---

[25] See id.

at trial. Accordingly, the trial court did not abuse its discretion in dividing the retirement accounts.[26]

7. Husband argues that the trial court's calculation of Wife's equity in the marital home was not supported by the evidence.

As noted above, the court awarded Husband ownership of the marital home, and ordered him to pay Wife $71,581.24, which represented one-half the marital equity, separate property she used to contribute to the down payment, and one-half of the amount Wife withdrew from her IRA to improve the property. Neither party requested factual findings,[27] and the court did not detail the exact amounts constituting this calculation in the divorce decree. Nevertheless, it is supported by the evidence presented at trial. The record showed that the value of the marital home was $365,385.[28] To calculate the marital equity, the court subtracted $53,447.19, for

---

[26] See *Taylor v. Taylor*, 283 Ga. 63, 64 (1) (656 SE2d 828) (2008) ("The trial court has a broad discretion to make an equitable division of retirement accounts upon consideration of all the relevant evidence.").

[27] See *Dasher v. Dasher*, 283 Ga. 436, 437 (1) (658 SE2d 571) (2008) ("[A] superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment[.]") (citation and punctuation omitted).

[28] Husband contends that the value of the house was $398,000, which was also supported by the evidence. However, the court's use of the lower value benefitted

Wife's contribution of separate property towards the down payment, and subtracted $5,000, which was one-half of Wife's withdrawal from her IRA for improvements. That number, $306,937.81, minus the remaining balance of the mortgage debt, $280,669.71, resulted in marital equity of $26,268.10. The court awarded one-half of the marital equity, or $13,134.05, to each party. Thus, the total amount due to Wife from Husband was $53,447.19 + $5,000 + $13,134.05 = $71,581.24, which was the amount awarded by the trial court.

8. Husband argues that the trial court abused its discretion in denying his motion for new trial. Throughout his brief, Husband also argues that the trial court failed "to consider, rule and decide the case [itself] and to follow the applicable law in doing so[.]"

As explained in the divisions above, the trial court's determinations were supported by the evidence and in accordance with applicable law.[29] "The trial judge is presumed to . . . faithfully and lawfully perform his or her duties[,]" and Husband

---

Husband, because it resulted in a lower equity share for Wife and the court awarded Husband ownership of the house.

[29] See *Carson*, 277 Ga. at 336 (1).

13

has not rebutted this presumption here.[30] Thus, the court did not err in denying Husband's motion for new trial.

*Judgment affirmed. Markle and Colvin, JJ., concur.*

---

[30] See *Johnson v. Equicredit Corp.*, 238 Ga. App. 380 (1) (517 SE2d 353) (1999).