**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**February 20, 2013**

# In the Court of Appeals of Georgia

A12A2498. BANKSTON v. WARBINGTON.

ANDREWS, Presiding Judge.

Paige Bankston appeals from the trial court's order entered pursuant to OCGA § 9-15-14 (b) awarding: (1) attorney fees incurred by Timothy Warbington in response to Bankston's motion asking the court to hold Warbington in contempt for failure to comply with visitation provisions of a child custody decree, and (2) other expenses incurred by Warbington as a result of the visitation dispute. The court denied the contempt motion and subsequently considered Warbington's request for the award of attorney fees and expenses. Finding pursuant to OCGA § 9-15-14 (b) that the contempt motion lacked substantial justification, was interposed for harassment, and unnecessarily expanded the proceedings, the trial court awarded Warbington $2,832.50 in attorney fees incurred in response to the motion, plus

$1,468.00 for airline tickets purchased as a result of the visitation dispute. We find no abuse of discretion and affirm the trial court's decision that Warbington was entitled to the award of attorney fees pursuant to OCGA § 9-15-14 (b). For the reasons which follow, we vacate the court's award of attorney fees in the amount of $2,832.50 and remand for reconsideration of the amount, and reverse the court's award of $1,468.00 to Warbington for the expense of airline tickets purchased as a result of the visitation dispute.

1. The parties submitted the motion for attorney fees to the trial court by letter briefs. We find no merit to Bankston's contention that the court was required to dismiss the motion because Warbington's letter brief was not filed within ten days as ordered by the court. The court's order awarding attorney fees pursuant to OCGA § 9-15-14 (b) found that Warbington's letter brief was timely delivered to the judge's chambers but not filed with the Clerk until a few days later "because the Clerk refused to accept submissions made in the letter brief format directed by the order." The trial court did not err in refusing to dismiss the claim.

2. Bankston claims that there was no basis for an award of sanctions under OCGA § 9-15-14 (b).[1] An award of sanctions pursuant to OCGA § 9-15-14 (b) is reviewed under an abuse of discretion standard. *Century Center at Braselton v. Town of Braselton*, 285 Ga. 380, 382 (677 SE2d 106) (2009). Here, the trial court found that, for purposes of harassment, Bankston used the motion for contempt to unnecessarily expand what was otherwise an honest disagreement over an ambiguity in the custody order as to which airports in the Los Angeles area could be used to exchange the child after visitation. We conclude that the trial court did not abuse its discretion by finding that Bankston's use of the contempt motion justified an award of attorney fees under OCGA § 9-15-14 (b).

Bankston also contends that the trial court erred by awarding attorney fees in the amount of $2,832.50 because the court failed to hold a hearing and because there

---

[1] Under OCGA § 9-15-14 (b), "[t]he court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the 'Georgia Civil Practice Act.' As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious."

3

was a lack of evidence establishing the actual attorney fees incurred. Generally, before an award of attorney fees is made against a party under OCGA § 9-15-14 (b), that party "is entitled to an evidentiary hearing upon due notice permitting him an opportunity to confront and challenge the value and the need for legal services claimed." *Ellis v. Caldwell*, 290 Ga. 336, 340 (720 SE2d 628) (2012) (punctuation and citation omitted). But a party may waive the right to this hearing. Id. The record shows that, when the trial court asked for letter briefs on the issue of sanctions under OCGA § 9-15-14 (b), it also asked the parties to inform the court whether or not a hearing was waived. Bankston informed the court in her letter brief that she did not waive a hearing. But the court's subsequent order considering Bankston's letter brief and awarding sanctions notes that, after filing the brief, Bankston agreed that the court could consider the motion for attorney fees without a hearing. Accordingly, we find that Bankston waived the right to an evidentiary hearing.

Nevertheless, Bankston's letter brief opposing sanctions objected that there was no affidavit or other evidence in the record showing the amount of attorney fees incurred by Warbington. We agree that the record contains no evidence sufficient to support the amount of attorney fees awarded, and Bankston did not acquiesce in the trial court's determination of the amount of attorney fees based solely on unsupported

4

assertions made in the briefs. Compare *Murray v. DeKalb Farmers Market, Inc.*, 305 Ga. App. 523, 525-526 (699 SE2d 842) (2010) (party did not request a hearing and acquiesced in the trial court's method of determining the amount of attorney fees to be awarded pursuant to OCGA § 9-15-14 (b)). "In order to recover attorney fees [under OCGA § 9-15-14 (b)], a prevailing party must prove both their actual cost and their reasonableness." *Johnston v. Correale*, 285 Ga. App. 870, 871 (648 SE2d 180) (2007). Accordingly, we vacate the award of attorney fees in the amount of $2,832.50 and remand the case for a hearing (if requested on remand) or other opportunity to establish the appropriate amount of attorney fees. *Dave Lucas Co. v. Lewis*, 293 Ga. App. 288, 292-294 (666 SE2d 576) (2008).

3. As part of its award of sanctions pursuant to OCGA § 9-15-14 (b), the trial court also awarded Warbington expenses he incurred by the purchase of airline tickets as a result of the visitation dispute with Bankston. This was not an expense of litigation recoverable in a sanction award pursuant to OCGA § 9-15-14 (b). Accordingly, the ticket expense award of $1,468.00 is reversed.

*Judgment affirmed in part; reversed in part; vacated in part and case remanded. Doyle, P. J., and Boggs, J., concur.*

5