In the Supreme Court of Georgia

Decided:    March 7, 2016

S15A1685.  HOARD v. BEVERIDGE.

THOMPSON, Chief Justice.

This appeal involves a challenge to a trial court's award to one party in a divorce action of attorney fees under OCGA § 9-15-14 and OCGA § 19-6-2. Because we conclude the trial court made sufficient findings to sustain the full amount of the fee award under OCGA § 19-6-2 (a), we affirm.

In 2009, Brett Beveridge filed an action for divorce against his wife, Vivian Hoard.  One child was born of the marriage, and the primary issue in the case involved custody of the parties' minor child.  With the parties' consent, therefore, the trial court appointed as custody evaluator, Dr. Carol Webb, who concluded both parties were fit and loving parents and recommended a joint custodial arrangement.  After a hearing, the trial court in April 2011 entered a temporary order granting the parties joint legal and physical custody with equal parenting time.  In the meantime, Hoard learned that in 2006, Dr. Webb asked

opposing counsel's husband, then state representative Edward Lindsey, for a letter of recommendation for re-appointment by the governor of Georgia to a professional board. Believing that Dr. Webb's request created a conflict of interest, Hoard throughout much of the remainder of the divorce proceedings filed numerous motions seeking to disqualify Dr. Webb, as well as motions to set aside, for new trial, for mistrial, and to amend, reopen and rehear her motions to disqualify, each of which was related to Hoard's efforts to disqualify Dr. Webb and was denied by the trial court.[1]

In October 2012, following a ten day trial, the trial court issued a final order granting the parties joint legal and physical custody with equal parenting time. The order specifically stated that the trial court did not rely on Dr. Webb's report in making its custody determination but noted that the report was not inconsistent with the other evidence presented by the parties. Both Hoard and Beveridge filed cross-motions for attorney fees and expenses seeking, respectively, fees and expenses of $431,411.25 and $400,974.90. In an October

---

[1] Dr. Webb testified that she did not recall asking for the letter of recommendation until she was asked about it by Hoard's counsel at her deposition and that she did not know whether Mr. Lindsey actually wrote a letter until Hoard filed her first motion to disqualify, after the custody evaluation had been completed.

2

2014 order, the trial court denied Hoard's fee motion and granted Beveridge's motion, awarding him $232,114 in fees and expenses, the exact amount of all costs he claimed to have incurred from the date of the temporary hearing and after the trial court's denial of Hoard's first motion to disqualify Dr. Webb. Seeking leave to challenge the trial court's fee award, Hoard subsequently filed an application for discretionary appeal which this Court granted pursuant to Rule 34 (4).

1. The trial court made its fee award, without allocation, under both OCGA § 19-6-2 and OCGA § 9-15-14, based on its conclusion that Hoard's numerous attempts to disqualify and discredit Dr. Webb unnecessarily expanded the litigation and that although "neither party [could] afford the extensive litigation and the extensive fees they incurred," Hoard had a "superior ability to pay." Hoard contends the trial court erred by failing to identify which portion of the fees was awarded pursuant to OCGA § 9-15-14 and which portion was awarded pursuant to OCGA § 19-6-2 (a). She further argues that without such apportionment, the award must be reversed because the trial court's findings are not sufficient to independently sustain the full award under either statute. See Park Ridge Condo Ass'n v. Callais, 290 Ga. App. 875, 878 (660 SE2d 736)

3

(2008) (holding that trial court abused its discretion by failing to specify in its award of attorney fees and expenses which fees and expenses fell within the ambit of the applicable fee statute). Compare Taylor v. Taylor, 293 Ga. 615, 618-619 (4) (748 SE2d 873) (2013) (upholding attorney fee award that failed to specify which portion of the award was made pursuant to OCGA § 9-15-14 (b) and OCGA § 19-9-3 (6) because an award of the full amount would have been authorized under either statute).

We begin our analysis with OCGA § 9-15-14 (b), a statute which authorizes a trial court to award reasonable attorney fees upon a finding that an action or any part thereof "lacked substantial justification or that the action . . . was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct." Here, the trial court concluded that Hoard's numerous attempts to disqualify Dr. Webb based on her request for a letter of recommendation unnecessarily expanded the litigation, thus authorizing under § 9-15-14 (b) an award to Beveridge in an amount limited to the fees and expenses he incurred in defending against Hoard's sanctionable conduct. See Hardman v. Hardman, 295 Ga. 732, 740 (763 SE2d 861) (2014) (stating that award of attorney fees under OCGA §

4

9-15-14 might have been appropriate in contempt action if limited to fees party incurred in defending against issue improperly raised in motion for contempt); LabMD, Inc. v. Savera, 331 Ga. App. 463, 467 (2) (a) (771 SE2d 148) (2015) (trial court must limit attorney fees awarded pursuant to OCGA § 9-15-14 (b) to those incurred because of the sanctionable conduct); Trotter v. Summerour, 273 Ga. App. 263, 267 (2) (614 SE2d 887) (2005) (a trial court is required to exclude from fee award made pursuant to OCGA § 9-15-14 any fees "unrelated to defending against the claims deemed frivolous"). The trial court's order, however, makes no specific allocation of fees awarded pursuant to OCGA § 9-15-14 (b) and awards Beveridge $232,114 in fees and expenses, the same amount he claimed to have incurred from the date of the temporary hearing related to *all* aspects of the litigation. In fact, Beveridge's own evidence does not support the conclusion that the full amount of the court's fee award is sustainable under OCGA § 9-15-14 (b) inasmuch as it shows that his costs related to Hoard's sanctionable conduct did not exceed $65,000. We agree then with Hoard's argument that the trial court's full award cannot be upheld under this section of the Georgia Code.

2. If OCGA § 9-15-14 was the only basis stated for the fee award, we

might at this juncture simply vacate the award and remand to the trial court. See Hardman, 295 Ga. at 740. Vacation and remand are unwarranted in this case, however, because the full amount of the trial court's award can be independently sustained under OCGA § 19-6-2 (a). See Taylor, 293 Ga. at 618-619. That section "authorizes a trial court in a divorce action to exercise its sound discretion and, after considering the financial circumstances of the parties, to award attorney fees as necessary to ensure the effective representation of both parties." Simmons v. Simmons, 288 Ga. 670, 673 (706 SE2d 456) (2011). A trial court's decision "[w]hether to award attorney fees . . . pursuant to OCGA § 19-6-2 is a matter within the discretion of the trial court, and the exercise of that discretion will not be reversed unless manifestly or flagrantly abused." Mongerson v. Mongerson, 285 Ga. 554, 558-559 (678 SE2d 891) (2009), overruled on other grounds, Simmons, 288 Ga. at 672, n.4.

The record in this case shows that evidence was presented at the motions hearing regarding the parties' financial circumstances, including evidence of their income, their respective equity interests in real property, and Beveridge's obligation under the final decree to pay for the cost of their child's private

school education.[2] The trial court also had before it evidence that Hoard during the divorce proceedings liquidated marital assets to pay for a portion of her attorney fees while Beveridge used his own non-marital assets and obtained a loan against his 401 (k) to pay for a portion of his fees.[3] The record and fee hearing transcript thus show that the trial court carefully considered the parties' relative financial positions, their obligations under the final decree, and the substantial costs incurred by both parties, and awarded Beveridge substantially less than the total amount of fees he claimed to have incurred in the litigation. Based on this record, we cannot say that the trial court abused its discretion in making its award which ensured effective representation of both spouses.[4] See

---

[2] The trial court found that Beveridge earned approximately $19,000.00 a month and Hoard earned approximately $20,000.00 per month. With regard to Hoard's "superior ability to pay," the trial court noted, in addition to the slight difference in income, that Beveridge was responsible under the final decree to pay $2,000.00 per month toward the cost of the child's private school education and the fact Hoard had $224,300.00 in equity in her residence while Beveridge, who had moved out of the marital home, had only $29,000.00 in equity in his residence.

[3] Contrary to Hoard's argument, the fact that Beveridge was able to pay for a portion of his fee obligation during the course of this lengthy and contentious divorce proceeding did not deprive the trial court of its statutory authority to award fees under OCGA § 19-6-2.

[4] We find no merit in Hoard's argument that the trial court abused its discretion by relying on financial information presented during the October 2012 final hearing. Hoard failed to respond to Beveridge's notice to produce more current financial information and failed to produce at the fee hearing evidence of her then-current financial status, despite

<u>Simmons</u>, 288 Ga. at 673-674 (finding no abuse of discretion where record showed trial court considered the parties' relative financial positions and granted fees to wife because she would be primary physical custodian); <u>Patel v. Patel</u>, 285 Ga. 391, 393 (4) (677 SE2d 114) (2009) (finding no abuse of discretion in trial court's decision to deny wife's claim for attorney fees under OCGA § 19-6-2 where the trial court found both parties used marital property to pay their attorney fees); <u>Johnson v. Johnson</u>, 284 Ga. 366, 368 (3) (667 SE2d 350) (2008) (affirming award of attorney fees under OCGA § 19-6-2 based on trial court's "broad discretion to set the amount and terms of payment for any award of attorneys' fees."); <u>Brady v. Brady</u>, 228 Ga. 617 (1) (187 SE2d 258) (1972) (discretion of trial court as to amount of fees awarded under OCGA § 19-6-2 will not be disturbed absent an abuse of discretion). Accordingly, the trial court's full fee award can be sustained under OCGA § 19-6-2 and we will not disturb this award on appeal. See <u>Taylor</u>, 293 Ga. at 618-619 (4).

We find no merit in Hoard's argument that the trial court's award under

---

being directed by the trial court's rule nisi to do so, leaving the trial court no choice but to rule on the fee motions based on the evidence previously presented. Moreover, unlike in <u>Thedieck v. Thedieck</u>, 220 Ga. App. 764, 768 (470 SE2d 265) (1996), there was not in this case even the suggestion of a substantial change in the parties' financial circumstances.

OCGA § 19-6-2 was punitive or improperly predicated on a finding that she engaged in misconduct. Although the trial court discusses in its fee order the procedural history of the parties' litigation and clearly concludes that Hoard's "numerous attempts to disqualify and discredit the custody evaluator unnecessarily expanded th[e] litigation," nothing in the language of the order suggests these factors played any part in its decision to award fees to Beveridge pursuant to OCGA § 19-6-2. Compare Weaver v. Weaver, 263 Ga. 56 (428 SE2d 79) (1993) (reversing fee award under OCGA § 19-6-2 where decision to award fees to one party was based on other party's refusal to settle dispute). In fact, the trial court's discussion of its fee award as it explicitly relates to OCGA § 19-6-2 makes no reference to Hoard's conduct but properly focuses on the parties' financial circumstances and ability to afford the litigation.

Judgment affirmed. All the Justices concur.