**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 8, 2019**

# In the Court of Appeals of Georgia

A18A1498. REID v. REID.

MARKLE, Judge.

Following lengthy and contentious litigation and a bench trial, the trial court granted Ginger Reid's petition for divorce from Wayne Reid and awarded attorney fees to Ginger totaling more than $723,394 under OCGA §§ 9-15-14 and 19-6-2. Wayne filed an application for discretionary review, which this Court granted. Wayne now appeals, challenging both attorney fee awards on the grounds that the trial court failed to identify any sanctionable conduct and that there was no evidence before the trial court that would have enabled it to determine the amount of fees. After a thorough review of the record, we affirm the fee award under OCGA § 19-6-2. We also affirm the judgment of liability for attorney fees under OCGA § 9-15-14, but we conclude that the trial court erred in awarding fees under this code section without

determining what fees were related to the sanctionable conduct. Accordingly, we vacate the trial court's order on this issue and remand the case for further proceedings.

We review awards made under both OCGA §§ 9-15-14 (b) and 19-6-2 for abuse of discretion. *Landry v. Walsh*, 342 Ga. App. 283, 286 (2), 288 (3) (801 SE2d 553) (2017), cert. denied (2018).

So viewed, the record shows that Ginger and Wayne married in 1995 and had two children. In 2011, Ginger filed a petition for divorce, and Wayne later filed a counterclaim for divorce. In February 2012, the trial court issued its temporary order, giving Ginger the marital residence and primary physical custody of the two children. Over the next several years, the parties engaged in contentious litigation, culminating in a 20-day bench trial in 2014 and final divorce decree in 2015. During the proceedings, the trial court heard extensive evidence regarding the parties' finances. The trial court awarded the parties joint legal custody, with primary physical custody to Ginger; alimony for Ginger for up to 60 months; and the marital home to Ginger.[1]

---

[1] Wayne appealed from the final divorce decree to the Supreme Court of Georgia. The Court dismissed the appeal, concluding that the application for discretionary appeal of the decree had been improvidently granted.

2

Ginger requested attorney fees. At the conclusion of the bench trial, the trial court reserved the issue of fees. The trial court suggested that the parties address the fee issue in letter briefs, and the parties agreed to do so.

Thereafter, Ginger submitted the affidavits of her two attorneys regarding their time and expenses. In the first affidavit, counsel set out his experience and hourly rate and represented that the amounts charged were reasonable. He also attached a print out of the fees and expenses charged. This document set out the amount Ginger was billed and had paid, but it did not link those charges to specific work. In the second affidavit, Ginger's other attorney stated that her hourly rate was reasonable, but she did not specify what that rate was. She attached a single page document showing she had charged Ginger $90,646, but without any explanation as to the work done. Ginger also submitted a letter brief on the issue of fees, although no such filing appears in the record.

Wayne opposed Ginger's motion for fees. With respect to fees under OCGA § 19-6-2, Wayne argued that the parties' financial circumstances did not warrant an award of fees. As to fees under OCGA § 9-15-14, Wayne argued that he had not engaged in any sanctionable conduct, and Ginger had not established what fees were attributable to the alleged sanctionable conduct. He further argued that the trial court

3

should not take into account any settlement offers when considering whether to award fees.

The trial court awarded fees to Ginger, finding that fees were appropriate under OCGA § 19-6-2 because Ginger and the children were dependent on Wayne for support, Wayne had multiple advanced degrees and earned a substantial amount of money, and Ginger earned significantly less income. The trial court further noted that Wayne financed the litigation through gifts from his parents and investments, while Ginger used resources from her "own separate estate, and sold jewelry and cashed in insurance policies so that she could survive and continue to defend herself." On this basis, the trial court awarded Ginger $250,000 in attorney's fees and costs. Turning to OCGA § 9-15-14 (b), the trial court found that Wayne "maintained positions and claims throughout this divorce action that lacked substantial justification and prevented settlement. [Wayne] unnecessarily expanded the case with his conduct and litigious posturing." Specifically, the trial court noted that Wayne sought primary custody of the children, despite Ginger's years as a stay-at-home parent, with little evidentiary support for his position, and that he demanded monthly child support from Ginger regardless of which parent retained physical custody of the children. The trial court further considered Wayne's repeated attempts to point to Ginger's alcohol

consumption as a means to obtain custody, where the use was not as profound as Wayne alleged, leading to unnecessary testing, monitoring, motions, and expert evidence. The trial court also considered Ginger's many attempts to settle the case, which Wayne not only refused but to which he submitted bad faith counteroffers. As a result, the trial court concluded that Wayne's conduct expanded and delayed the litigation, and it awarded Ginger fees in the amount of $473,394.41 under OCGA § 9-15-14 (b).

Wayne filed an application for discretionary review of the fee award, which this Court granted. The instant appeal followed.

1. Wayne argues that the trial court erred in awarding fees under OCGA § 19-6-2 because there was no evidence that the fees were reasonable or that Ginger lacked the resources to litigate her claims. He further contends that the trial court failed to consider the amount of funds Ginger received from her family. We discern no error.

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract." (Citation and punctuation omitted.) *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (649 SE2d 838) (2007). Under OCGA § 19-6-2 (a) (1),

[t]he grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be: (1) Within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party.

The purpose of an award of attorney fees pursuant to OCGA § 19-6-2 is "to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." (Citation omitted.) *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990). An award under this statute "is not predicated upon a finding of misconduct of a party." (Citation omitted.) *Moon v. Moon*, 277 Ga. 375, 379 (6), n. 4 (589 SE2d 76) (2003).

In its order, the trial court found that Ginger and the children were dependent on Wayne for support; that Ginger was a stay-at-home parent earning about $2,800 a month due to her work as a therapeutic horseback riding instructor and "some income from separate assets;" and that Wayne earned significantly more income and received $625,000 from his parents during the litigation along with over $240,000

6

from other assets. The trial court further noted that Ginger used funds from her own estate, sold jewelry, and cashed in insurance policies for funds during the litigation. The record also shows that Ginger borrowed funds from her family to pay her litigation expenses.

OCGA § 19-6-2 does not require a trial court to make any finding as to the reasonableness of fees. The trial court had before it evidence of the reasonableness of the fees, and we cannot say that the trial court abused its discretion here. *Vines v. Vines*, 292 Ga. 550, 552-553 (4) (739 SE2d 374) (2013).

Moreover, after a thorough review of the record, we conclude that the trial court's order contains sufficient factual findings to show that it considered the relative finances of each party. Wayne simply quibbles with the trial court's conclusion. This does not provide a basis for reversal. See *Hoard v. Beveridge*, 298 Ga. 728, 731 (2) (783 SE2d 629) (2016) ("The record in this case shows that evidence was presented . . . regarding the parties' financial circumstances . . . [and that] the trial court carefully considered the parties' relative financial positions . . . . Based on this record, we cannot say that the trial court abused its discretion.").

2. Wayne next argues that the trial court erred in awarding fees under OCGA § 9-15-14 (b) because the trial court failed to identify any sanctionable conduct that

would justify the award, and the trial court should not have relied on his steadfast refusal to settle as a basis to award fees. Although we conclude that the record supports the trial court's judgment of liability for attorney fees, we agree that the trial court erred in granting an award without evidence linking the amount of the award to sanctionable conduct.

OCGA § 9-15-14 (b) "authorizes a trial court to award reasonable attorney fees upon a finding that an action or any part thereof lacked substantial justification or that the action was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct." (Punctuation omitted.) *Hoard v. Beveridge*, 298 Ga. 728, 729-730 (1) (783 SE2d 629) (2016). "As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." OCGA § 9-15-14 (b); see also *Vakharwala v. Vakharwala*, 301 Ga. 251, 253 (1) (a) (799 SE2d 797) (2017).

An award under this section must be supported by "sufficient proof of the *actual costs* and the reasonableness of those costs." (Citation omitted; emphasis supplied.) *Cohen v. Rogers*, 341 Ga. App. 146, 152 (2) (b) (798 SE2d 701) (2017), cert. denied (Mar. 5, 2018).

To permit meaningful appellate review of an award of fees and expenses, the trial court's order cannot be too vague and conclusory, such as where it fails to cite examples of conduct that authorize the award. The trial court need not cite specific testimony, argument of counsel, or any other specific factual reference in its order awarding fees under OCGA § 9-15-14; it is only required to specify the conduct upon which the award is made.

(Citation omitted.) Id. Thus, when awarding attorney fees under OCGA § 9-15-14 (b), the trial court "must limit the fees award to those fees incurred because of the sanctionable conduct." (Citation and punctuation omitted.) *Brewer v. Paulk*, 296 Ga. App. 26, 31 (2) (673 SE2d 545) (2009). As we have explained,

lump sum or unapportioned attorney fees awards are not permitted in Georgia, and we will vacate and remand for further factfinding where the trial court's order, on its face, fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the court awarded one amount of fees rather than another under OCGA § 9-15-14 (b).

(Citations and punctuation omitted.) *Moore v. Hullander*, 345 Ga. App. 568, 573 (2) (c) (814 SE2d 423) (2018). See also *Hardman v. Hardman*, 295 Ga. 732, 740 (4) (763 SE2d 861) (2014) (vacating and remanding an award under OCGA § 9-15-14(b) because the trial court did not allocate any portion of the award to the fees incurred

9

in litigating the aspect of the case that lacked substantial justification); *Fedina v. Larichev*, 322 Ga. App. 76, 81 (5) (744 SE2d 72) (2013) (vacating sanctions award under OCGA § 9-15-14 (b) where trial court failed to show that it limited its award to fees resulting from party's sanctionable conduct).

Here, the trial court's order sufficiently identifies the sanctionable conduct, and, having reviewed the lengthy record in this case, we cannot say the trial court abused its discretion in finding the identified conduct to be sanctionable. However, there is no evidence in the record to show how the trial court arrived at the particular dollar amount it awarded. Notably, the submissions by Ginger's attorneys do not set out what fees were related to the sanctionable conduct. As Ginger concedes, on this record we lack the evidence to conduct meaningful appellate review regarding the amount of fees awarded under OCGA § 9-15-14 (b).

Although the parties agree that the award, as is, cannot stand, they disagree about the proper remedy from this Court. Wayne contends that we must reverse the award outright because Ginger should not have a second chance to put forth evidence. Ginger, on the other hand, contends that we should vacate and remand for further proceedings. After reviewing the relevant cases, we conclude that the proper course of action is to vacate and remand.

10

Wayne cites *Landry v. Walsh*, 342 Ga. App. 283 (801 SE2d 553) (2017), cert. denied (2018), for the proposition that reversal is warranted where the fee proponent failed to put evidence in the record to support the amount of fees requested under OCGA § 9-15-14 (b). In that case, we recognized that our usual course of action was to vacate and remand, but we nevertheless concluded that counsel's failure to provide evidence mandated reversal. *Landry*, 342 Ga. App. at 287 (2). In support of this result, we cited two cases: *Holloway v. Holloway*, 288 Ga. 147 (702 SE2d 132) (2010), and *Hughes v. Great Southern Midway, Inc.*, 265 Ga. 94 (454 SE2d 130) (1995). *Landry*, 342 Ga. App. at 287 (2). However, neither of these cases requires us to reverse in the instant case. First, although the Supreme Court in *Holloway* reversed the judgment, it remanded the case "for further proceedings." 288 Ga. at 150 (2). The second case, *Hughes*, did not involve a fee award under § 9-15-14 (b).

We are not persuaded that reversal is mandated here. Instead, we conclude that the proper course is to vacate the fee award and remand for further proceedings. See *Bankston v. Warbington*, 319 Ga. App. 821, 823 (2) (738 SE2d 656) (2013). In *Bankston*, the parties submitted letter briefs on the issue of attorney fees under § 9-15-14 (b), but there was no affidavit or other evidence in the record to support the amount of fees awarded. 319 Ga. App. at 822-823 (2). We vacated the award and

11

remanded for further proceedings, including a possible hearing "or other opportunity to establish the appropriate amount of fees." Id. at 823 (2).

*Bankston* is directly on point and we find it persuasive. Indeed, other cases have followed this logic on similar facts. See *Trotman v. Velociteach Project Mgmt.*, 311 Ga. App. 208, 214 (6) (715 SE2d 449) (2011) ("Velociteach's counsel submitted an affidavit with billing statements totaling $95,974.66. The trial court's award of $30,000 may have been reasonable, but the trial court's order, on its face fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the amount awarded was $30,000 as opposed to any other amount.") (punctuation and footnote omitted); *Dave Lucas Co., Inc. v. Lewis*, 293 Ga. App. 288, 293-294 (5) (666 SE2d 576) (2008) (vacating the award of fees and remanding for an evidentiary hearing where general statements in the attorney's affidavit did not provide details of which hours were attributable to the sanctionable conduct);[2] *Johnson v. Correale*, 285 Ga. App. 870 (1) (648 SE2d 180) (2007) (vacating and remanding where the "record contain[ed] no evidence"

_____

[2] We note that the judgment line in *Dave Lucas Co*, reads "reversed in part, and remanded with directions." In the division addressing fees, the panel wrote: "the trial court's judgment as to those fees must be vacated. The case is remanded for an evidentiary hearing to establish the amount of fees related solely to the prevailing claim . . . ." 293 Ga. App. at 294 (5).

12

regarding the attorney's actual costs and their reasonableness). Accordingly, we conclude that the appropriate outcome in the case before us is to vacate the trial court's order and remand the case for "a hearing (if requested on remand) or other opportunity to establish the appropriate amount of attorney fees." *Bankston*, 319 Ga. App. at 823 (2).[3]

Finally, Wayne argues that the trial court was not permitted to consider the settlement offers to establish his liability for attorney fees. It appears that Wayne waived this argument when he agreed to address the settlement offers in the affidavits submitted to the court.

Even if he did not waive the issue, the statutory provision excluding evidence of compromise negotiations contains the following exception: "This Code section

---

[3] Other cases that have reversed an attorney fee award – instead of remanding – are distinguishable because they were not awards under OCGA § 9-15-14 or involved jury verdicts in which the movant had the opportunity to present evidence to the jury. See *Duncan v. Cropsey*, 210 Ga. App. 814, 815 (2) (437 SE2d 787) (1993) (reversing fee award under OCGA § 9-15-14 where attorney did not set out the hours expended or attributable to sanctionable conduct and did not show that jury's award of $15,000 was reasonable); *Augusta Tennis Club, Inc. v. Leger*, 186 Ga. App. 440, 443 (5) (367 SE2d 263) (1988) (reversing jury's verdict awarding fees under OCGA § 44-7-35 where the attorney did not testify to any specific amount attributable to the conduct); *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850 (278 SE2d 689) (1981) (in case involving fees under OCGA § 13-6-11, insufficient evidence of amount of attorney fees submitted to the jury required the amount be written off).

13

shall not require exclusion of evidence offered for another purpose, including, but not limited to, . . . negating a contention of undue delay or abuse of process. . . ." OCGA § 24-4-408 (c). Based on this statutory language, we conclude that the settlement offers were admissible for the purpose of determining whether Wayne's actions constituted delay or abuse of process. *Dave Lucas Co.*, 293 Ga. App. at 289 (1) (c) (letters were admissible to show attempts to mitigate damages and to support claim that defendant has been stubbornly litigious). See also *Carson v. Carson*, 277 Ga. 335, 336 (2) (588 SE2d 735) (2003) (trial court awarded fees based on husband's refusal to comply with discovery requests, and rejection of several settlement offers, among other reasons); *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 241 (2) (c) (620 SE2d 463) (2005) (affirming judgment of liability for fees under OCGA § 9-15-14 (b) and finding that party waived alleged error arising from trial court's failure to consider settlement offers). Cf. *Frost v. Frost*, 299 Ga. 278, 282 (4) (787 SE2d 693) (2016) (evidence of offers and counteroffers during negotiations were not admissible *at trial*). Accordingly, the trial court was permitted to consider these settlement offers when evaluating whether Wayne delayed the proceedings.

For the foregoing reasons, we affirm the trial court's award of fees under OCGA § 19-6-2; we vacate the trial court's award of attorney fees under OCGA § 9-

14

15-14 (b), and we remand the case for further proceedings consistent with this opinion.

*Judgment affirmed in part, vacated in part, and case remanded. McFadden, P. J. and Rickman, J. concur.*