**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 3, 2025**

# In the Court of Appeals of Georgia

A24A1330. DOYLE v. HAAS.

PIPKIN, Judge.

This appeal stems from an award of attorney fees in divorce proceedings initiated by Adon Haas, appellee-husband. After a bench trial, the trial court granted Haas' request for an award of attorney fees under OCGA §§ 9-15-14 (b) and 19-6-2 (a) (1). We granted the application for review filed by Jennie Doyle, appellant-wife, to determine whether the trial court's award under these code sections constituted an abuse of discretion. For the reasons that follow, we reverse the trial court's fee award under OCGA § 9-15-14 (b), vacate the trial court's fee award under OCGA § 19-6-2 (a) (1), and we remand for further proceedings.

"We review awards made under both OCGA §§ 9-15-14 (b) and 19-6-2 for abuse of discretion." (Citation and punctuation omitted.) *Reid v. Reid*, 348 Ga. App. 550, 550 (823 SE2d 860) (2019). "Although this standard of review is deferential, it is not toothless. An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." (Citations and punctuation omitted.) *Eagle Jets v. Atlanta Jet*, 347 Ga. App. 567, 576 (2) (c) (820 SE2d 197) (2018).

So viewed, the record shows that Haas and Doyle were married in 2014; both had children from prior relationships that they brought into the family, including O.D., a child Doyle had with Jose Piscoya. Doyle and Haas separated in December 2021, and Haas filed for divorce on March 7, 2022. He amended his complaint on June 28, 2022, to include a claim of equitable caregiver status under OCGA § 19-7-3.1 with regard to O.D. In response to the amendment, Doyle filed a "Motion to Dismiss and Motion to Declare OCGA § 19-7-3.1 Unconstitutional," arguing that Haas lacked standing to seek equitable caregiver status as required by the statute and that the statute was unconstitutional.[1] The parties briefed the issues and, after a hearing, the

---

[1] OCGA § 19-7-3.1 (b) provides the ways in which a person seeking to be adjudicated an equitable caregiver of a child can establish standing.

trial court denied Doyle's constitutional claim and determined that Haas had standing under the statute to proceed with his equitable caregiver claim.[2]

In August 2022, Piscoya filed a petition to legitimate O.D. Haas intervened in the legitimation; the divorce and legitimation actions were eventually consolidated into one case. The trial court ordered the parties to attempt mediation, but no agreement was reached. After a bench trial, the court entered its final judgment and decree of divorce. In its order, the trial court granted Haas equitable caregiver status in regard to O.D. It is also undisputed that the trial court granted Piscoya's petition to legitimate O.D.

Thereafter, Haas requested attorney fees. In support of his request, Haas submitted affidavits of his two attorneys and general invoices of bills paid for services rendered. Doyle opposed Haas' motion for fees and filed her own motion for fees pursuant to OCGA § 19-6-2, which Haas opposed. The trial court denied Doyle's motion for fees and granted fees to Haas. In granting Haas' request for fees under OCGA § 9-15-4 (b), the trial court found as follows:

---

[2] Doyle sought discretionary review of the trial court's order both in this Court and the Georgia Supreme Court. Those petitions were denied. See A23D0384; S23D1213.

Throughout 2022, [Doyle] refused and resisted [Haas'] attempt to claim [e]quitable [c]aregiver status for [O.D.]. The evidence showed that [Haas] had raised the child since she was born and was the only father she had known. Not only did [Doyle] file a Motion to Dismiss and Declare OCGA § 19-7-3.1 Unconstitutional, but she refused to cooperate in this litigation unless [Haas] dismissed his [e]quitable [c]aregiver claim. [Doyle's] refusal to consider [Haas] as an [e]quitable [c]aregiver expanded the litigation as mediation was fruitless based upon [her] unwillingness to negotiate until the request was dismissed. The evidence also showed that she encouraged the child's biological father to file the related legitimation petition.

This Court declines, however, to entertain an impermissible, lump-sum award. Rather, the Court finds that only certain actions and certain claims are sanctionable under OCGA § 9-15-14 (b). Based on these factors, $56,250.00 was caused by [Doyle's] defense and litigation of the [e]quitable [c]aregiver issues that lacked substantial justification and was interposed for delay, harassment, and unnecessarily expanded the litigation.

In awarding fees to Haas under OCGA § 19-6-2, the trial court found, in relevant part,

as follows:

After an examination of the financial circumstances of the [parties], the Court has considered what legal services were necessary, and the reasonable compensation for those services. A party's willingness to reach a settlement was also considered to determine a party's need for such services. *Fenters v. Fenters*, 238 Ga 131 (1977). . .

The financial circumstances of the parties showed that at the sale of the marital residence [Doyle] received close to $40,000.00 while [Haas] did not receive any funds after the payment of his past tax arrearages. As a result, [Doyle] received significantly more assets than [Haas] as a result

of the divorce. While [Haas] earns more income than [Doyle], that is not the only consideration with regard to their financial circumstances. [Doyle's] behavior of filing a separate 2020 personal income tax return and unwillingness to settle any of the financial issues[2] caused [Haas] significant attorney fees that were both reasonable and necessary.

> 2 [Doyle] refused to discuss any other issues until and unless [Haas'] [e]quitable [c]aregiver claim was dismissed.

The trial court then awarded Haas $20,000 in fees under OCGA § 19-6-2 (a) (1).

1. Doyle contends that the trial court abused its direction by granting fees under OCGA § 9-15-14 (b), because none of the conduct relied upon by the trial court qualified as sanctionable conduct to justify the award. As discussed below, we agree.

OCGA § 9-15-14 (b) provides as follows:

> The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

5

"The damages authorized by § 9-15-14 are intended not merely to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with abusive litigation." (Citations and punctuation omitted.) *Moon v. Moon*, 277 Ga. 375, 379 (6) (589 SE2d 76) (2003). "An award under this section must be supported by sufficient proof of the actual costs and the reasonableness of those costs." (Citation, punctuation, and emphasis omitted.) *Reid*, 348 Ga. App. at 553 (2). Having reviewed the record in this case, we determine that the trial court abused its discretion in awarding fees under OCGA § 9-15-14 (b).

As an initial matter, Haas failed to present itemized legal bills upon which the trial court could assess what fees were reasonable and necessary under this code section. Instead, Haas submitted vague and general invoices for legal services rendered by his two attorneys, neither of which itemized the nature of the work they performed or the legal issues to which that work related. In other words, "there is no evidence in the record to show how the trial court arrived at the particular dollar amount it awarded," *Reid*, 348 Ga. App. at 554 (2), or whether that work was related to any of Doyle's alleged sanctionable conduct.

Even if Haas had produced more detailed accounting records for his attorneys' time, he would still not be entitled to fees under § 9-15-14 (b). In its order, the trial court listed three reasons in support of its fee award under this statute: 1) Doyle's motion to dismiss the equitable caregiver claim for lack of standing and to declare the equitable caregiver statute unconstitutional; 2) her "refus[al] to cooperate in this litigation unless [Haas] dismissed" the equitable caregiver claim, including her alleged unwillingness to negotiate until the petition was dismissed; and 3) Doyle's encouraging Piscoya to file a petition to legitimate O.D. Based upon the record before this Court and well established Georgia law, we determine that the trial court's fee award under § 9-15-14 (b) cannot stand.

The trial court's determination that Doyle's motions opposing Haas' claim for equitable caregiver status were without justification and for the purposes of harassment and to expand the litigation are without factual or legal support. As an initial matter, Doyle's facial challenge to the equitable caregiver statute raised numerous constitutional issues of first impression under Georgia law. And it is well settled that a § 9-15-14 (b) award for fees is not warranted "for the presentation of questions of first impression about which reasonable minds might disagree or the

assertion of novel legal theories that find arguable, albeit limited, support in the existing case law and statutes." (Citation and punctuation omitted.) *Naar v. Naar*, 350 Ga. App. 21, 24 (2) (b) (827 SE2d 711) (2019). Indeed, Doyle's motion did not focus solely on the constitutional challenge, but it also moved the trial court to dismiss Haas' claim based upon his failure to meet the statute's standing requirements. See OCGA § 19-7-3.1 (b). Even though Doyle's motion was ultimately unsuccessful, we cannot say that her motion rose to the level of being frivolous or substantially unjustified. See e.g., *Exec. Excellence v. Martin Bros. Investments*, 309 Ga. App. 279, 288-289 (3) (710 SE2d 169) (2011) (reversing award of fees under § 9-15-14 (b) where reasonable minds differed as to the validity of the claims raised); *Brown v. Gadson*, 298 Ga. App. 660, 661-662 (680 SE2d 682) (2009) (although plaintiff did not prevail on her claims for a paternity ruling and child support, claims did not lack substantial justification as required to award fees under OCGA § 9-15-14 (b)); OCGA § 9-15-14 (c) (attorney fees not warranted where party argued in good faith to establish new legal theory).[3]

---

[3] Haas argues that the trial court granted fees based on Doyle's interference with Haas' parenting time and bond with O.D. and not the constitutional challenge. We disagree as the trial court did not cite any such evidence or make any factual findings on these issues in support of its fee award.

Next, the trial court awarded fees based upon Doyle's "refus[al] to cooperate in this litigation unless [Haas] dismissed" the equitable caregiver claim, which included her alleged unwillingness to negotiate until the petition was dismissed. However, the record does not support these findings. Instead, the record shows that Doyle provided a vigorous defense in the divorce proceedings, participating in discovery, filing numerous motions and responsive briefs, and testifying at trial. Text messages introduced by Haas at trial showed that Doyle made Haas two separate offers during the divorce proceedings and that, during a particularly heated text exchange, Doyle asked Haas to dismiss the equitable caregiver claim and to provide her with a counteroffer.[4] Finally, the record shows that the parties attempted court ordered mediation but did not come to an agreement.[5]

Lastly, the trial court awarded fees based upon Doyle's encouraging Piscoya to file a petition to legitimate O.D. It is undisputed that Piscoya is O.D.'s biological

---

[4] The terms of these offers are not included in the record, however Haas stated in a text message that the "offers [were] very one sided and truly disrespectful towards [him]."

[5] The record is devoid of any evidence showing what occurred at the mediation or how the parties engaged in the process - only that a mediation occurred and no agreement was reached.

father and that the legitimation petition was granted by the trial court. The legitimation petition was consolidated with the divorce proceeding and a single trial was held on both cases. Consequently, we cannot say that the successful legitimation petition lacked substantial justification, was done for the purposes of harassment or delay, or unnecessarily expanded the litigation.

For all of these reasons, we conclude that the trial court abused its discretion by awarding attorney fees under OCGA § 9-15-14 (b) and we reverse this portion of the trial court's judgment.

2. Doyle also contends that the trial court abused its discretion by awarding fees under OCGA § 19-6-2. While we disagree with Doyle's legal position, we must still vacate this portion of the trial court's order.

Under OCGA § 19–6–2 (a) (1), a trial court may, "within [its] sound discretion" grant attorney fees in a divorce action "as a part of the expenses of litigation." In doing so, the trial court "shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party." Id. "The purpose of an award of attorney fees pursuant to § 19-6-2 is to ensure effective representation of both spouses so that all

issues can be fully and fairly resolved." (Citation and punctuation omitted.) *Moon*, 277 Ga. at 379 (6). Importantly, "[a]n award under this statute is not predicated upon a finding of misconduct of a party." (Citation and punctuation omitted.) *Reid*, 348 Ga. App. at 552 (1).

Doyle argues that the trial court did not properly consider the financial circumstances of the parties in awarding fees. We disagree. Indeed, the record shows that evidence was presented at the bench trial regarding the parties' financial circumstances, and the trial court further noted in its order that it considered the parties' relative financial positions in coming to its fee award. Consequently, we cannot say that the trial court abused its discretion to the extent that it did properly award fees based upon the financial circumstances of the parties. See *Hoard v. Beveridge*, 298 Ga. 728, 731 (2) (783 SE2d 629) (2016). That said, the trial court's order indicates that its fee award under this code section was based, at least in part, on Doyle's alleged wrongful conduct - i.e., Doyle's alleged refusal "to discuss any other issues until and unless [Haas'] [e]quitable [c]aregiver claim was dismissed" and her filing a separate tax return in 2020.[6] And because the trial court's order indicates

---

[6] Notably, this separate tax filing occurred two years prior to the divorce filing.

11

that it awarded § 19-6-2 fees, at least in part, to punish Doyle's conduct,[7] we must

vacate the award and remand for proceedings consistent with this opinion.

*Judgment reversed in part, vacated in part, and case remanded. Barnes, P. J., and*

*Gobeil, J., concur.*

---

[7] Once again, it is unclear how the trial court reached the $20,000 fee award when Haas failed to present anything more than vague invoice statements regarding monies he paid to his attorneys.